## GELPCKE, WINSLOW & CO. v. BLAKE.

1. **Reformation of contracts : CASE APPROVED.** The case of *Gelpcke, Winslow & Co.* v. *Blake*, 15 Iowa, 389 as to the rules governing the reformation of contracts by courts of equity, cited and approved.

2. **Practice: DISMISSAL OF DEFENSE.** After the Supreme Court had passed upon the sufficiency of an equitable defense, adversely to the defendant, and remanded the cause, the District Court did not err in dismissing such defense.

3. **Contract: WANT OF CONSIDERATION.** While it is competent to show the absence, failure or illegality of the consideration of a contract in writing by extrinsic evidence; or that it is greater or less than that therein specified; it is not competent to show one adverse to the one expressed upon the face of the instrument.

4. —— **BY CORPORATION.** A railroad corporation may make, if acting in good faith, a valid and binding contract, releasing a stockholder from liability upon his subscription to the stock of the corporation, either with or without the consent of the creditors and stockholders of such corporation.

*Appeal from Jackson District Court.*

THE facts are sufficiently stated on the opinion of the court.

TUESDAY, OCTOBER 10.

*Grant & Smith* for the appellants.

*Crane & Allison* for the appellee.

LOWE, J. — We have, for the second time in this case, the presentation of the question whether the defendant is liable on his subscription of one thousand dollars to the stock of the Dubuque Western Railway Company.

1. REFORM-ATION OF CONTRCTS: case approved.

When this case was here before, the liability of the defendant was resisted chiefly upon the ground that whilst the subscription *itself* upon its face was unconditional, it nevertheless, as a matter of fact, was coupled with a condition agreed upon at that time, but which for some reason not very well defined, was omitted to be inserted therein as a part of the contract, and that the company had wholly failed to observe the same. The court was asked to reform the contract in the particular specified, to the end that the non-observance of the condition referred to by plaintiffs might be made available as a defense. The court below did so reform the contract, but this court reversed its action for the reason that, in the opinion of a majority of the court, it did not sufficiently appear, from the facts in the case, that the omission to insert the alleged condition in the contract was the result of fraud, accident or mistake, or that it was understood and intended by the parties that it should have been incorporated in the same. The exposition of the law touching the reformation of contracts on that occasion was, it is believed, correctly stated.

The cause was remanded, tried by the court upon the equitable issue of reforming the contract, which was overruled, and the evidence applicable to the same, suppressed.

By leave of the court, the defendant amended and substituted a new answer, which, besides traversing generally the allegations of the petition, sets up five special defenses. To each one of these a demurrer was interposed and sustained by the court. Abiding the same, the defendant now insists that the first and third of the special pleas are good and sufficient in law, and should have been upheld. In its essence, the ground of the first is, failure of consideration; that of the other, a subsequent rescission of the contract of subscription between the railroad company and the defendant.

Before, however, passing upon the questions raised by the demurrer to these special defenses, it is proper to notice the fact that the appellant assigns for error the dismissal, by the court, of the equitable defense, asking a reformation of the contract in suit. It is upon this assignment of error that the counsel for the appellant makes his principal argument, without observing, doubtless, that he had not sent up and made a part of the record this branch of the defense.

2. PRAC-
TICE: dis-
missal of
defense.

We need not add that, before determining this case, we could have had this omission supplied by a rule upon the clerk, had it been deemed important or necessary. But it is suggested to the appellant, that after this court had passed upon the merits of said equitable defense, and held the same to be insufficient, whether, under the facts submitted, it was not irregular and out of place to have insisted upon a second hearing of a matter already *res adjudicata;* and hence to have brought it up a second time would also have been quite as much out of place as his argument is in its absence.

But upon the record, as we now have it, there are other

errors assigned which it is proper we should notice, namely, in sustaining the demurrer to the defendant's answer, which sets up several special defenses, to which we have already referred. Counsel for appellant have limited their remarks to the first and third of these special defenses, and we will do the same.

With regard to the first, the essential facts constituting the same may be set down as follows: That whilst he did subscribe $1,000 as stock in said company, yet, that the said stock at the time, and ever has been since, entirely worthless; that the consideration of the subscription was, that the said company should construct their line of road up the Longworthy Hollow, in the city of Dubuque, and near the property of defendant, who owned a large amount thereof in that neighborhood, which would be greatly increased in value by the construction of said road in that vicinity; that, as an inducement to take the stock, Longworthy, the agent of said company, assured defendant that if he would make the subscription he would procure a contract for work on the road up said Hollow, out of which he could make enough to pay the same; that said company did not construct said road up the Longworthy Hollow; that said defendant did not get any contract for work on the same; that the property was not benefited thereby, and for that reason the consideration of the contract had failed, &c.

The ground of the demurrer to the above plea is, that it is bad, because it cannot be sustained without introducing evidence to vary and contradict the written contract of subscription. But it *is* claimed that the defense is failure of consideration, and that *this*, like the recital of facts, dates, &c., may usually be shown as falling without the range of the operation of the rule, which excludes parol evidence of facts, contradicting, varying or adding to that which is contained in the written contract. This is true,

3. CON-
TRACT:
want of
considera-
tion.

yet in this instance it must be observed that the consider ation of the contract is expressly stated upon the face thereof to be ten shares in the capital stock of the first division of said road. Now, whilst it is competent to show the want, failure or illegality of consideration by extrinsic evidence, or that it is greater or less than that specified, yet you may not show one that is adverse to the consideration expressed upon the face of the contract. 2 Pars. on Cont., 68.

The defendant, in this case, sets up the facts and circumstances which constitute the consideration for which he claims that he agreed to subscribe the $1,000, and upon the failure of which he now insists. But it may well be asked, whether this defense in its facts and circumstances is not substantially the same, by another name, as the equitable defense heretofore plead, and which this court ruled against the defendant. We are inclined to think so, and concluded to allow the order sustaining the demurrer to the same to stand.

We come next to notice the third special plea, the essential facts of which are stated to be these: That the defendant 4. — by had signed and delivered the contract sued, under corporation. the circumstances and for the consideration named in the special plea or defense which we have just been considering; that after the railroad company had abandoned the location and construction of its road up Longworthy Hollow, the defendant applied to the company to cancel the contract of subscription and return to him the $50, being the first five per cent installment which he had paid; that, because of the change of location aforesaid, and consequent failure of the consideration of the undertaking, the said company, by Edward Longworthy, its acting agent, did return the money and cancel said contract, and that the defendant thereby has been released from all liability incurred on account of the same.

This plea is demurred to, because it fails to state that the cancellation and release alleged therein were made with the consent of the creditors and stockholders of said company. The point suggested is unsound, and cannot be supported. That there are creditors, is mere assumption; it does not so appear from the face of the plea.

If there were creditors at the time, and the possession assumed by the demurrer a valid one, the plaintiffs could avail themselves of it on the trial, under our present rules of practice, to the same extent, as if they had replied the facts in avoidance of the legal effect of the cancellation and release under the former practice. It will be time enough for the courts to take care of the rights of creditors, when they are judicially advised by the pleadings or evidence in the cause, that the same are in jeopardy.

As respects the assent of the stockholders to make the rescission of the contract valid, this is necessarily implied in the language of the plea. The allegation is, that it was the company that canceled the contract, and released the defendant. Who, in law, constitutes the company, if it be not the stockholders? The distinction which the demurrant would make between them, derives no support from the authorities cited.

Again, a release is a contract, and the articles of incorporation give to this company all the powers described in section 674 of the Code of 1851. The sixth clause of that section invests the company with power to make contracts, acquire and transfer property, possessing the same powers in such respects as private individuals now enjoy.

There was no lack of power, therefore, in the company, nor do we think there would have been in the board of directors, to rescind the contract with or without the consent of the stockholders or others, when it was done in good faith, and under the peculiar and equitable circumstances of the case.

We cannot perceive why the facts, as pleaded in this count of the answer, do not amount, in law, to a good defense, and we shall reverse the order sustaining a demurrer to the same, and remand the cause for trial on that issue.

Reversed.