## BAYLISS v. SWIFT ET AL.

1. **Corporation**: LIABILITY OF STOCKHOLDERS: JUDGMENT.   Before any stockholder can be charged with the payment of a judgment rendered against a corporation of which he is a stockholder, a proceeding by ordinary action must be instituted against him, and his liability determined therein.

2. ——: ——: ——.   After judgment has been rendered against the stockholder for the amount of his liability, an execution issued against the corporation may, to the extent of the stockholder's liability, be levied upon his private property.

*Appeal from Blackhawk District Court.*

THURSDAY, JUNE 17.

THE plaintiff, in the first count of his petition, alleges that he recovered two judgments against the Waterloo Agricultural Works, an acting corporation doing business at the city of Waterloo, aggregating the sum of $3,904.46, and costs.   That the defendants are stockholders and owners and holders of shares of the stock of said Waterloo Agricultural Works. That plaintiff caused executions to be issued on said judgments and placed in the hands of the sheriff of said county, who made a demand upon an acting officer of said corporation

for property upon which to levy, and that he neglected to point out any property, and informed the sheriff that there was no corporate property upon which the execution could be levied.

The second count contains all the averments of the first count, and in addition thereto alleges that at no time since the execution, acknowledging and recording of the articles of incorporation, has notice of the incorporation been published as required by the laws governing the formation of corporations for pecuniary profit. Plaintiff asks judgment against each of said defendants for the amount of said judgments and interest.

The defendants demurred to each of the counts of this petition upon the ground that the facts stated do not entitle the plaintiff to a money judgment against the defendants, but only to an order or judgment that the executions running against the corporation be levied upon the property of the individual members.

The court sustained this demurrer, and, the plaintiff electting to stand upon his petition, rendered judgment against plaintiff for costs. Plaintiff appeals.

*Ordway & Husted*, for appellant.

*L. Alford* and *H. B. Allen*, for appellees.

DAY, J.—Section 1166 of the Revision of 1860, 689 of the Code of 1851, provides that a failure to comply with certain requisitions in relation to the organization and publicity of corporations, renders the individual property of all the stockholders liable for the corporate debts. Section 1068 of the Code of 1873 is substantially the same, except as to railway corporations. Section 1172 of the Revision, 695 of the Code of 1851, provides: "Nothing herein contained exempts the stockholders of any corporation from individual liability to the amount of the unpaid installments on the stock owned by them or transferred by them for the purpose of defrauding creditors, and execution against the company may to that extent be levied upon such private property of any individual."

Section 1082 of the Code of 1873 is substantially the same. Section 1173 of the Revision, 696 of the Code of 1851, is as follows: " In none of the cases contemplated in this chapter, can the private property of the stockholders be levied upon for the payment of corporate debts while corporate property can be found with which to satisfy the same; but it will be sufficient proof that no property can be found if an execution has issued on a judgment against the corporation and a demand thereon made of some one of the last acting officers of the body for property on which to levy, and if he neglects to point out such property." Section 1083 of the Code of 1873 is the same.

Section 1174 of the Revision, 697 of the Code of 1851, is as follows: " The defendant in any stage of a cause may point out corporate property, subject to levy, and upon his satisfying the court of the existence of such property, by affidavit or otherwise, the cause may be continued or execution against the defendant stayed until the property can be levied upon and sold, and the court may subsequently render judgment and order execution for any balance which there may be after disposing of the corporate property, according to the stage of the cause; but if a demand of property has been made, as contemplated in the preceding section, the costs of such proceedings shall in any event be paid by the company or by the defendant." The corresponding section, 1084, of the Code of 1873, is as follows: " Before any stockholder can be charged with the payment of a judgment rendered for a corporate debt, an action shall be brought against him, in any stage of which he may point out corporate property subject to levy; and upon his satisfying the court of the existence of such property, by affidavit or otherwise, the cause may be continued, or execution against him stayed, until the property can be levied upon and sold, and the court may subsequently render judgment for any balance which there may be, after disposing of the corporate property; but if a demand of property has been made, as contemplated in the preceding section, the costs of said action shall, in any event, be paid by the company or the defendant therein, but he shall not be permitted to contro-

vert the validity of the judgment rendered against the corporation, unless it was rendered through fraud and collusion."

Appellant concedes that, under the Code of 1851, and the Revision, the practice, after judgment and execution against the corporation, was to bring in stockholders on *scire facias*, and have judgment that the execution against the corporation be levied upon their property to the extent of their liability. But he contends that section 1084 of the Code of 1873 differs materially from section 1174 of the Revision, and authorizes an ordinary judgment against the stockholders. And we think the section in question sustains this position. It provides that "before any stockholder can be charged with the payment of a judgment rendered for a corporate debt, an action shall be brought against him." The section does not prescribe what kind of action shall be brought, and there is no principle of construction which warrants us in determining it to mean any other than the ordinary action attended by the ordinary consequences.

1. CORPORA-
TION: liabil-
ity of stock-
holders: judg-
ment.

Appellee, however, cites section 1082 of the Code, providing that "execution against the company may, to that extent, be levied upon the private property of any such individual," and contends that it is inconsistent with the notion that a new judgment may be rendered against a stockholder. This, however, may be so construed as to be in perfect harmony with our construction of section 1084. After it has been determined that an individual is a stockholder, and a judgment has been rendered against him for the amount of his liability, then an execution issued against the corporation may, to the extent of the judgment rendered against a stockholder, be levied upon his private property.

2. ——: ——.
——.

We are satisfied that the court erred in sustaining the demurrer.

REVERSED.