## SINGER, NIMICK & Co. v. GIVEN.

1. **Practice in Supreme Court:** VARIANCE: OBJECTION TOO LATE. It cannot be urged for the first time in this court that there is a fatal variance between the pleadings and the proof.

2. ———: CASE CONSIDERED AS MADE BELOW. Where the action was founded upon a judgment, and it seems to have been conceded on the trial that the judgment was unsatisfied, but the only evidence to that effect was the judgment docket, which was introduced, and from which it appeared that an execution had been issued and returned unsatisfied, *held* that this was *prima facie* evidence that the judgment was unsatisfied; and that, under these circumstances, the lack of more satisfactory evidence was no ground for reversal.

3. **Corporation:** EXECUTION AGAINST: RETURN OF: PAROL TO CONTRADICT. Under section 1083 of the Code, where an officer having an execution against a corporation demands of an officer of the corporation that he point out corporate property on which to levy, and the officer refuses, these facts are properly shown by the return on the execution; and where the execution was lost, it was competent to prove by parol what the return showed, but not to contradict the return by showing that no demand had been made.

4. ———: LIABILITY OF STOCKHOLDER FOR CORPORATE DEBTS: UNPAID SUBSCRIPTION. Where defendant had subscribed to the capital stock of a corporation, and had not paid his subscription, he was individually liable to the creditors of the corporation to the amount of such unpaid subscription. Code, § 1082. And it is no defense that his subscription was to be paid in property, and that, by agreement with the corporation, he had surrendered all claim for stock, and the corporation had released all claim upon the property. The corporation could not thus release him from his liability to the creditors.

5. ———: ———: ———: SET-OFF. Where a subscriber to the capital stock of a corporation is sought to be held on a judgment against the corporation to the amount of his unpaid subscription—Code § 1082—he cannot set off against such judgment what the corporation may owe him for services, rent of property, etc.

6. ———: ———: ———: JUDGMENT. In such case, it is competent for the court, under section 1084 of the Code, to render judgment against the delinquent subscriber, in an action founded upon a judgment against the corporation.

*Appeal from Polk Circuit Court.*

WEDNESDAY, JUNE 6.

THE plaintiffs, as judgment creditors of a corporation known as the Des Moines Plow Company, bring this action to recover the amount of their judgment from the defendant, a stockholder in said corporation, and liable thereto, as alleged, for unpaid installments upon his stock, in an amount greater than plaintiff's judgment. The defendant, for answer, admits that plaintiffs recovered a judgment against the Des Moines Plow Company, and denies all the other allegations in the petition, and alleges, in substance, that said company agreed to purchase the buildings and grounds upon which he and his partner, Courson, carried on business, to issue to him paid up stock to the amount of his subscription, and to pay to him the balance of the purchase price; and that, prior to the bringing of this suit, he surrendered to said company all claim for stock, and canceled all its agreements touching the same, and in regard to the sale of said property to said corporation. The cause was tried to a jury, and verdict and judgment were rendered against the defendant for $1,820.67. The defendant appeals. The material facts are stated in the opinion.

*Wm. Phillips*, for appellant.

*Wright, Cummins & Wright* and *Sickmon & Barclay*, for appellees.

DAY, CH. J.—I. The petition alleges that the judgment recovered against the Des Moines Plow Company was for the amount of $1,517.23. The judgment introduced in evidence by the plaintiff was for the sum of $1,520.39. The appellant insists that there is a fatal variance between the allegations and proof. No objection seems to have been made to the evidence when offered. If objection had been made, the petition could have been amended so as to avoid the variance. The objection, not having been made at the proper time, is waived. It cannot be urged here for the first time.

*1. PRACTICE in supreme court: variance: objection too late.*

II. It is claimed that the evidence does not show that the judgment had not been satisfied. The judgment docket was introduced, showing the issuance of an execution and a return of it unsatisfied. We think this was sufficient *prima facie* evidence that the judgment was unsatisfied. Besides, the petition does not allege that the judgment was unsatisfied, and no issue of that kind was presented in the court below. It seems to have been conceded that the judgment was unsatisfied, and the court so charged the jury. In this state of the record, we would not be justified in reversing, simply because the evidence fails to show the judgment unsatisfied.

*2. ———: case considered as made below.*

III. The execution issued upon the judgment is lost. The plaintiff introduced testimony tending to establish that the return upon the execution showed that demand was made upon W. L. Carpenter, one of the last acting officers of the company, and that no property was found on which to levy. The defendant introduced W. L. Carpenter and asked him if, at any time prior to the commencement of this suit, anyone having an execution against the Des Moines Plow Company in favor of Singer, Nimick & Co., demanded of him, as an officer of the Plow Company, to turn out property of the company in satisfaction of the judgment. The plaintiff objected to this question, and the objection was sustained. The ruling, we think, was right. Under section 1083 of the Code, we think

*3. CORPORATIONS: execution against: return of: parol to contradict.*

the fact of demand and refusal may be shown by the official return upon the execution. Such return, as between the company and a creditor, must be regarded as conclusive. The defendant might have introduced evidence to show that no such return was made, but it was not competent, we think, to dispute the return by showing that no such demand was made.

IV. The defendant was one of the original incorporators of the Des Moines Plow Company, and was elected a member of its first board of directors. The evidence shows that the defendant subscribed for one hundred and fifty shares of the capital stock, of $50 each. The defendant insists that the evidence, without any conflict, shows that the subscription of the defendant was "to be paid in the buildings of Given and Courson." The plaintiff, upon the contrary, claims that the jury were warranted in finding from the testimony that the subscription of the defendant was unconditional, and that they did so find. We do not deem it necessary to determine this point of controversy between the parties. The evidence shows, without any conflict, and as the defendant concedes, that he subscribed for one hundred and fifty shares, or $7,500 of stock. The defendant by this subscription became liable to pay toward the capital stock of the company, either in money or property, $7,500, and he assumed toward the creditors of the corporation an obligation which can be discharged in no other way than by payment of that sum. See Code, section 1082. The company could not, by any action or arrangement upon its part, release the defendant from this liability. See *Burnham v. Ins. Co.*, 36 Iowa, 632; *Osgood v. King*, 42 Id., 478. The case of *Gelpcke v. Blake*, 19 Iowa, 263, relied upon by appellant, does not hold that the company can make arrangements with stockholders to the prejudice of creditors. Now, it appears clearly and without conflict that the defendant has never paid the conditional subscription which he alleges he made. He never conveyed to the company the property in which he alleges his subscrip-

4. ——: liability of stockholders for corporate debts: unpaid subscription.

tion was to be paid. It is true, the company went into possession of the property and occupied it for a time, but without any conveyance, and the evidence shows that the company afterward surrendered the property to the receiver of the defendant and his partner, and canceled the defendant's subscription. If he had conveyed the property, as he alleges he agreed to do, the company would have been, by that much, the more able to pay its creditors. The defendant complains of the action of the court in giving certain instructions, and in refusing to give instructions asked, and in certain rulings upon the evidence. But the objections of the defendant are mostly based upon the ground that defendant is not liable, if his subscription was payable in the buildings and property referred to. In our opinion it is not material, as between the defendant and creditors of the corporation, in what manner the subscription was payable. In this view of the case, many of the objections urged by defendant need not be noticed in detail.

V. The appellant insists that the court erred in refusing to allow the defendant to prove whether or not the Des Moines Plow Company had paid him for his services, and for the use of the property in which he claims the subscription was to have been paid. It is claimed that, if he is liable on his subscription, he has a right to set off the items above referred to. As between himself and the company he might have a right to do so. But we do not think he can do so as against a creditor. No authority is cited by appellant in support of his position upon this point.

5. ——: ——: set-off.

VI. It is insisted that the court had authority simply to award execution against defendant, and could not render a judgment against him. We think, however, that section 1084 of the Code contemplates the rendition of such judgment. See *Bayliss v. Swift,* 40 Iowa, 648.

6. ——: ——: judgment.

In our opinion the record discloses no prejudicial errors.

Affirmed.