THE TAMA WATER-POWER COMPANY V. HOPKINS.

1. **Corporations**: SUBSCRIBERS TO STOCK: LIABILITY TO CREDITORS: ESTOPPEL. Defendant was a subscriber to the stock of a corporation of which plaintiff afterwards became a creditor. The capital stock of the corporation was fixed at twenty thousand dollars, all of which was required to be subscribed before it could begin business. Defendant first subscribed for twenty-five hundred dollars' stock, and afterwards for twenty-five hundred dollars' preferred stock, but it appears that the condition making the second subscription one for preferred stock was erased without defendant's authority. But defendant was one of the organizers and promoters of the corporation, and was always one of its directors, and he knew that the articles of incorporation made no provision for preferred stock, and also that both of his subscriptions were required to make the twenty thousand dollars necessary for the beginning of business. *Held* that, whatever the effect of his second subscription. with the condition erased, might be as between him and the corporation, he was estopped from denying liability thereon as to a creditor of the corporation seeking assets out of which to make its demand.

2. ——: ——: ——: SET-OFF. A stockholder in a corporation, who is indebted for stock, cannot, as against a judgment creditor of the corporation who seeks to subject the amount due from the stockholder to the satisfaction of his judgment, set off against such amount a debt owing by the company to him. (*Boulton Carbon Co. v. Mills*, 78 Iowa, 460, *followed.*)

3. ——: ——: ——: STATUTE OF LIMITATIONS. Where it is sought to make a stockholder liable to a judgment creditor of a corporation to the extent of the balance due on stock subscribed for by the former, he cannot plead the statute of limitations as to so much of the indebtedness on which the judgment was rendered as accrued more than five years prior to the beginning of the suit against him, where the judgment was rendered on a note given in settlement of said indebtedness before it was barred by the statute.

4. ——: ——: ——: ——: ABSENCE FROM STATE. In such case, where the subscription was in writing and it was collectible more than ten years prior to the suit brought by the creditor against the stockholder, but he was not a resident of the state for ten years of that time, the action against him was not barred.

5. ——: ——: ——: DISSOLUTION OF CORPORATION: REMEDY. In such case, though the corporation had ceased to exist, the remedy by the creditor against the stockholder was the one prescribed by

sections 1082–1084 of the Code, and there is no requirement that the action be in equity; and where the proceeding, as one at law, was not objected to in the lower court, the objection cannot be raised here. (Compare *Bayliss v. Swift*, 40 Iowa, 651.)

*Appeal from Tama District Court.*—Hon. S. M. Weaver, Judge.

Filed, February 13, 1890.

Plaintiff is a judgment creditor of the Tama Paper Company, of which defendant is a stockholder. This is an action to recover of defendant the sum of twenty-five hundred dollars, alleged to be due from him to said company on account of stock by him taken. After the evidence was submitted, the court directed the jury to return a verdict in favor of plaintiff for the sum of twenty-five hundred dollars. From the judgment rendered on the verdict, defendant appeals.

*Struble & Stiger*, for appellant.

*W. H. Stivers* and *J. W. Willett*, for appellee.

Robinson, J.—On or about the twentieth day of June, 1877, the Tama Paper Company was organized as a corporation for pecuniary profit. Its articles of incorporation provided for a capital stock of twenty thousand dollars, divided into shares of one hundred dollars each, to be paid at the call of the board of directors. The company was permitted to commence business when subscription for the twenty thousand dollars of stock had been taken. The private property of the stockholders was to be exempt from the payment of the corporate debt, excepting for amounts due on stock. Defendant was one of the incorporators and original stockholders of the company, and signed the stock subscription paper twice. Opposite his first signature was written, "Twenty-five shares." Opposite his second signature, and following it, was written, "Twenty-five shares of preferred stock, on which the

company guarantees ten per cent. interest, payable annually.'' Another stockholder made similar subscriptions, and all were required to make the total of twenty thousand dollars. Defendant was elected a director of the company, and was re-elected from time to time, and continued to act as director from the time the company was organized until it went out of business, after the debts in controversy were contracted. During at least a part of that time he also held the position of traveling agent of the company. He paid, on account of his stock subscription, the sum of twenty-five hundred dollars. Defendant admits the recovery of two judgments by plaintiff against the paper company, which amounted to more than twenty-five hundred dollars, when the case was tried in the court below, and that they are unpaid; but relies upon various defenses to this action, which we will proceed to consider.

I. It appears that the second subscription of defendant was altered, after it was made, by striking out the words "preferred" and "on which

**1. CORPORATIONS : subscribers to stock : liability to creditors : estoppel.** the company guarantees ten per cent. interest, payable annually.'' The evidence shows that the alteration was made within five or six months of the date of the subscription, if not at the time; but defendant states that it was made without authority from him, and that he had no knowledge of it until about the time this action was commenced. The books of the company fail to show any authority by the board of directors of the company, or by any one else, for making the erasure. So far as the evidence shows, the change in the subscription was made without authority, and without the knowledge of defendant, and the officers of the company empowered to act for it. Therefore, during the time in question, defendant must have believed himself to be the owner of fifty shares of stock. Appellant claims that he is released from liability in this action by reason of the alteration in the terms of his subscription. In reply to that, plaintiff

pleads that defendant is estopped from denying liability, by reason of the acts of the company and his connection with it, and we think the record shows that to be the case. The articles of incorporation which were signed by defendant do not provide for the issuing of preferred stock. The company had no power, under the articles adopted, to commence the business for which it was organized, until the full amount of its capital stock was subscribed. 1 Mor. Priv. Corp., secs. 57, 137, 141, 408. Notwithstanding that fact, on the day the company was organized its board of directors directed the collection of the stock subscriptions at once; a contract for the building of a mill was authorized; and the transaction of the business of the company was actively commenced, and continued for nearly ten years. Defendant knew that both of his subscriptions were necessary to authorize the company to do business, and with that knowledge he was active in the management of its affairs, and one of its managing officers. It is claimed that the evidence does not show that plaintiff knew of and relied upon the second subscription of defendant. But we do not think that was necessary to estop defendant. Plaintiff had a right to believe that the paper company was a legally organized corporation, with a capital stock of twenty thousand dollars, and undoubtedly relied upon that belief in dealing with the paper company. The acts of defendant in becoming a stockholder of that company, and in holding it out to the world as a valid corporation with the capital named, and in helping to manage its business, justified plaintiff, so far as defendant is concerned, in extending credit to the company. Under these circumstances, we do not think defendant should be heard to deny liability. What effect the alteration of defendant's subscription would have as between himself and the company is a question we are not required to determine.

II. Appellant claims that the paper company was indebted to him when this action was commenced in various amounts, aggregating about six thousand dollars, and that he should be

2. —: —: set-off.

permitted to offset so much of that as is necessary to extinguish his liability, if any, for unpaid stock. The facts in this case bring it within the rule announced in *Boulton Carbon Co. v. Mills*, 78 Iowa, 460. It follows that the claim of appellant is not well founded.

III. The indebtedness upon which the judgments of plaintiff were rendered was incurred for water-power furnished by plaintiff to the paper company. On the first day of January, 1884, there was an accounting for the power furnished prior to that time, and a note given therefor to plaintiff for $397.73. That note was merged in one of the judgments for which plaintiff claims to recover. This action was commenced June 15, 1888, and appellant contends that, as against him, all of the indebtedness which accruéd prior to June 15, 1883, is barred by the statute of limitations. It is not clear that any of the indebtedness in suit was contracted prior to the date last named, but, conceding that it was, that fact would not relieve defendant from liability; for it is not shown that plaintiff could not have collected the amount so contracted of the paper company when the note was given. *Bank v. Greene*, 64 Iowa, 450.

3. ——: ——: ——: statute of limitations.

IV. The secretary of the paper company was authorized to collect the amount of the stock subscriptions on the twentieth day of June, 1877. Appellant contends that, as his liability was then fixed, the right to recover therefor is now barred by the statute. The subscription contract was in writing. Defendant was a non-resident of this state from the year 1874 until the latter part of June, in the year 1880. Therefore, plaintiff's right of action is not barred.

4. ——: ——: absence from state.

V. Appellant claims that the paper company has ceased to exist, and that in consequence the relief sought by plaintiff can be obtained only by proceedings in equity. We do not discover that any objection was made in the court below to the kind of proceedings adopted.

5. ——: ——: dissolution of corporation: remedy.

The liability of defendant, and the method of obtaining relief, are provided for by sections 1082–1084, Code. The facts upon which the liability of a stockholder depends can, as a rule, be as readily ascertained by an action at law as by a proceeding in. equity. We think the proper action was adopted. *Bayliss v. Swift,* 40 Iowa, 651.

VI. What we have said disposes of all material questions discussed by counsel. The judgment of the district court is                              AFFIRMED.