## NATIONAL PARK BANK v. PEAVEY.

(Circuit Court, S. D. Iowa, C. D.    December 13, 1894.)

### No. 3,567.

1. LIABILITY OF STOCKHOLDERS —PLEADING — ACTION AT LAW OR IN EQUITY— IOWA STATUTE.

Plaintiff recovered a judgment against the S. C. Street-Ry. Co., an Iowa corporation, upon which execution was issued and returned unsatisfied. He then sued defendant, a stockholder in the railway company, alleging these facts, and that nothing had ever been paid in on defendant's stock, and also, in a separate paragraph, that defendant's stock purported to be full-paid stock, that in consequence of defendant's receiving and holding it as such, the railway company appeared to be possessed of money that it did not in fact possess, which was a fraud upon plaintiff, and entitled him to recover the amount of his judgment from defendant. The statutes of Iowa (McClain's Code, §§ 1632–1635) provide that stockholders shall not be exempted from individual liability to the amount of the unpaid installments on the stock owned by them, and execution against the corporation may be levied upon the private property of individual stockholders to that extent; that before such property is taken an execution against the corporation shall be issued and returned unsatisfied; that, before a stockholder can be charged with the payment of a judgment for a corporate debt, an action shall be brought against him, in which judgment may be rendered for any balance remaining after disposing of the corporate property; and that, when the private property of a stockholder has been so taken, he may maintain an action against the corporation for indemnity, or against any other stockholder for contribution. Such statutes also provide (Id. § 1621) that intentional fraud, in failing to comply with the articles of incorporation, or deceiving the public as to their means, shall subject the guilty parties to punishment, and any person injured by such fraud may recover damages against the parties participating in it. *Held*, that the pleading, framed as aforesaid, set up two causes of action at law, based upon the two statutory provisions.

2. SAME—PROCEDURE IN FEDERAL COURTS.

*Held*, further, that as the statute imposed a new liability on the stockholder, which was fixed, and did not depend on the liability of other stockholders, and a remedy for its enforcement had been provided by the same statute under which the state courts had recognized and approved an action at law as the correct method of procedure, the federal courts should also enforce such liability by action at law, and were not confined to a suit in equity for the adjustment of the rights and liabilities of all stockholders and creditors.

3. SAME—NECESSITY OF ASSESSMENT.

*Held*, further, that the fact that no formal assessment or call for the subscription to the stock had been made would not protect the stockholder from liability to a creditor of the corporation, who was entitled to regard the stock subscriptions as a fund for his benefit.

This was an action at law by the National Park Bank against Frank H. Peavey to recover the amount of a judgment held by the bank against the Sioux City Street-Railway Company, in which defendant was a stockholder.    Defendant demurred to the petition.

Chas. A. Clark, for plaintiff.

Cummins & Wright, for defendant.

WOOLSON, District Judge.    The petition alleges that in September, 1893, plaintiff recovered judgment in the district court of Woodbury county, Iowa, against the Sioux City Street-Railway Company (a corporation for pecuniary profit, organized under the laws of the state of Iowa), for $40,611.02; that said judgment was based upon certain promissory notes executed by said company, which had been purchased and discounted by plaintiff; that general execution was issued upon said judgment, and duly placed for service in the hands of the sheriff of said Woodbury county, within which county said company had its principal place of business, and has been by said sheriff returned, indorsed "No property found"; that said company is in fact insolvent, and has no property or assets whatever from which said judgment can be collected on execution; that defendant, at the time of the execution of said promissory notes and the rendition of said judgment, owned and held, and still owns and holds, 2,744 shares, of the par value of $100 each, of the capital stock of said company, upon which neither defendant nor any other person ever paid into the treasury of said company any sum or sums of money whatever, and no part of said shares have been paid up, and there remains unpaid on said shares an amount in excess of plaintiff's said judgment.    The last paragraph of the petition is as follows:

That all of said shares of stock of the Sioux City Street-Railway Company, so as aforesaid issued to the defendant, and so as aforesaid owned and held by him, purported to be full-paid capital stock of said railway company, and thus and thereby, by reason of the action of defendant in receiving and holding said shares of capital stock as aforesaid, the Sioux City Street-Railway Company, apparently and in semblance, possessed money or property to the amount and value of two hundred and seventy-four thousand dollars, by reason of said shares of capital stock issued to the defendant, and owned and held by him, all of which apparent capital in money or property of said company was false, nonexistent, fictitious, and fraudulent, by reason of the fact that the said defendant never paid in any sum, amount, or value whatever for his said shares of capital stock in the said corporation, and was a fraud upon this plaintiff; that, by means of the premises, plaintiff is entitled to recover from the defendant the amount of its said judgment against the said company, together with interest and costs and the costs of this suit.

To the petition, defendant assigns as grounds of demurrer: (1) The relief herein prayed can only be granted in equity; (2) this court has no common-law jurisdiction to render a judgment at suit of one creditor against a stockholder for alleged balances due from such stockholder on his shares of stock; (3) no assessment is shown to have been made on defendant's shares of stock; (4) there is a defect of parties,—the other stockholders and all creditors and the said Sioux City Street-Railway Company being necessary parties hereto.

It will be observed that the last paragraph of petition, copied in

full above, apparently sustains no close relation to that part of the petition which precedes it. Defendant claims that this paragraph proves this action is "not an action to recover unpaid assessments on shares of stock, or unpaid balances due thereon," but that the action is "in the right of the creditor seeking to show that the proceedings by which the issuance of the stock as fully paid up operated as a fraud on him, of which he can complain; an action wherein plaintiff seeks to show a liability on part of defendant,—that the sum due from him is a trust fund, which the plaintiff, as a creditor, can reach." And thereupon defendant claims that the action must be brought in equity; that is, must be so brought as that the court will compel plaintiff to bring in the corporation and the other stockholders, to the end that the entire matter of unpaid stock may be determined, and each stockholder compelled to bear his due and proper portion of the outstanding indebtedness. If the character of the action is to be determined solely from the closing paragraph of petition, and without reference to the Iowa statute, the argument of defendant must have great force. But such was not the theory of counsel for plaintiff or defendant at the oral argument. The theory on which argument then proceeded was that the action was brought to recover at law judgment against defendant because of his being the owner and holder of unpaid stock,—an amount sufficient to discharge plaintiff's said judgment. Apparently there are two causes of action attempted to be set up. An examination of the Iowa statute may assist here. Sections 1632–1635, McClain's Iowa Code, are as follows:

1632. Neither anything in this chapter contained, nor any provisions in the articles of incorporation, shall exempt the stockholders from individual liability to the amount of the unpaid instalments on the stock owned by them, or transferred by them for the purpose of defrauding creditors, and execution against the company may, to that extent, be levied upon the private property of any such individual.

1633. In none of the cases contemplated in this chapter, can the private property of the stockholders be levied upon for the payment of corporate debts, while corporate property can be found with which to satisfy the same; but it will be sufficient proof that no property can be found, if an execution has issued on a judgment against the corporation, and a demand has been made thereon of some one of the last acting officers of the body for property on which to levy, and if he neglects to point out any such property.

1634. Before any stockholder can be charged with the payment of a judgment rendered for a corporate debt, an action shall be brought against him, in any stage of which he may point out corporate property subject to levy; and upon his satisfying the court of the existence of such property, by affidavit or otherwise, the cause may be continued or execution against him stayed, until the property can be levied upon and sold, and the court may subsequently render judgment for any balance which there may be after disposing of the corporate property; but, if a demand has been made as contemplated in the preceding section, the costs of such action shall in any event, be paid by the company or the defendant therein, but he shall not be permitted to controvert the validity of the judgment rendered against the corporation, unless it was rendered through fraud or collusion.

1635. When the private property of a stockholder is taken for a corporate debt, he may maintain an action against the corporation for indemnity, and against any of the other stockholders for contribution.

It will no doubt be conceded the pleader has sought to draft the petition, except the closing paragraph, with the intent to bring him-

self within the sections just quoted. Section 1621, McClain's Iowa Code, is as follows:

1621. Intentional fraud in failing to comply substantially with the articles of incorporation, or in deceiving the public or individuals in relation to their means or liabilities, shall subject those guilty thereof to fine and imprisonment, or both, at the discretion of the court. Any person who has sustained injury from such fraud, may also recover damages therefor against those guilty of participating in such fraud.

The pleader, in the closing paragraph of petition, apparently had in mind the section last quoted, and sought to bring himself within its terms. So that, instead of the paragraph serving the purposes suggested by defendant's counsel, it is brought at law, as a new and distinct cause of action, and should be numbered as such. The main argument of defendant's counsel is aimed at that part of petition which precedes this closing paragraph. I will, therefore, for convenience, and with a view to brevity, hereafter speak of such part as the "petition."

The energy and ability with which counsel have presented their views, and the exhaustive research shown in the briefs submitted, compel at the hands of the court a fuller and more lengthy statement of the views which control the decision herein reached than might otherwise be deemed necessary.

The first two grounds of demurrer, as above stated, may profitably be considered together. Defendant claims that, even though the action herein proposed might, under the decisions of the supreme court of Iowa, be maintained at law in the state courts of Iowa, yet it cannot be so maintained in this court. Assuming, then, that an action at law would lie in the state courts, let us examine the matter as applied to the federal courts. We are cited to various cases decided by the supreme court of the United States, wherein has been considered how far the federal courts are bound by and follow the state courts in actions against stockholders in corporations. We may suggest that these cases relate to two distinct classes of liability of stockholders, and that, unless we keep in mind this distinction, we are liable to draw incorrect conclusions as to what has been actually decided by the supreme court. One of these classes is the liability which is created by statutory enactment, as, for instance, where the statute provides that each stockholder shall be liable, to the par value of stock held by him, for indebtedness of the corporation, or liable for the debts of the corporation, until a certificate is filed with the proper officers (named in the statute), showing entire amount of capital stock, etc. The other class of liability is where the statute declares the liability of the stockholder under certain circumstances— or after certain preliminaries have been performed by the creditor— to a creditor of the corporation for unpaid amounts on shares held by him. As to the first class named, the supreme court has uniformly held strictly to the remedy in or by the statute provided, as the remedy to be enforced in federal, equally with state, courts. Thus, in Pollard v. Bailey, 20 Wall. 520, the supreme court use this language:

The individual liability of stockholders in a corporation for the payment of its debts, is always a creature of statute. At common law, it does not

exist. The statute which creates it may also declare the purposes of its creation, and provide for the manner of its enforcement.

In Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, the court say:

The question of the manner in which the liability of stockholders under the statutes of the state which creates the corporation may be enforced in the courts of the United States, is not a new one in this court.

And the court proceed to consider Pollard v. Bailey, supra, and, in addition to what was above quoted, there is quoted:

The liability and the remedy were both created by the same statute. This being so, the remedy provided is exclusive of all others. A general liability created by statute, without a remedy, may be enforced by an appropriate common-law action. But, where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be enforced.

The court thereupon declare that:

Pursuant to these principles, this court has repeatedly held * * * that the question whether the remedy in the federal courts should be by action at law or by suit in equity depends upon the nature of the remedy given by the statutes of the state. [Citing Mills v. Scott, 99 U. S. 25, and a large number of other cases.]

As to the second class of liability, above noted, the supreme court has declared that the state statutes providing liability of a stockholder to the extent of unpaid amounts on shares held by him do not create a new right, but merely recognize a liability of the stockholder—a right to the corporation creditor—which existed at the time the statute was enacted. In Patterson v. Lynde, 106 U. S. 519, 1 Sup. Ct. 432, the court, in considering the provision of the Oregon constitution, that "the stockholders of all corporations shall be liable for the indebtedness of said corporation to the amount of the stock subscribed for and no more," etc., declare:

The constitution of Oregon created no new right in this particular; it simply provided for the preservation of an old one. The liability is not to the creditor, but for the indebtedness. That is no more than the liability created by the subscription.

So in Clark v. Bever, 139 U. S. 96, 116, 11 Sup. Ct. 468, the court say, when referring to statutes under the Revision of 1860 (which immediately preceded the Code of 1873, in Iowa), whose provisions as to the point now under consideration, are substantially the same as those now in force, say:

The recognition in the Iowa statutes of the right of creditors of corporations to look to unpaid installments of stock subscriptions, to obtain satisfaction of their demands, did not confer a new right, but is a recognition of a right existing before the statute, by virtue of the relations between a corporation and its creditors and stockholders.

In all the decisions of the supreme court to which our attention has been called by counsel, this same general distinction or classification obtains; and many of the seeming inconsistencies in cases cited by counsel, on either side, are cleared away, and the line of decision made uniform, by bearing in mind the fact just noted. In that portion of the petition which we are now considering, no claim is made to any liability beyond that which arises because of unpaid amounts on shares of stock held by defendant. Assuming

liability exists, the question to be considered is, how is it to be enforced? The contention of defendant is that it cannot be enforced at law, but must be enforced in equity. Defendant concedes that receivers and assignees of insolvent corporations may sue at law to recover of stockholders fixed and determined assessments. The reasoning which supports this concession is that the stockholder is liable in such a case to the corporation, and the receiver represents in that action the corporation. Hence he sues, as the corporation might have done. But in case at bar the defendant holds shares, on their face, paid up. The corporation cannot sue for whatever amounts are actually unpaid on these shares. It must be conceded, we think, that, unless relieved therefrom by the Iowa statute, plaintiff's remedy in this court must be in equity. In Handley v. Stutz, 139 U. S. 417, 427, 11 Sup. Ct. 530, it is said:

Ever since the case of Sawyer v. Hoag, 17 Wall. 610, it has been the settled doctrine of this court that the capital stock of an insolvent corporation is a trust fund for the payment of its debts; that the law implies a promise by the original subscriber of stock, who did not pay for it in money or other property, to pay for the same when called upon by creditors.

In Clark v. Bever, 139 U. S. 96, 11 Sup. Ct. 468, the court says:

In Sawyer v. Hoag, 17 Wall. 610, 620, it was held that the capital stock of a corporation, especially its unpaid subscriptions, is a trust fund, sub modo, for the benefit of its general creditors. And this principle was reaffirmed in Upton v. Trebilcock, 91 U. S. 45. [And the court cite various other cases, extending to Richardson's Ex'r v. Green, 133 U. S. 30, 10 Sup. Ct. 280.]

And there is no contention but that, had such been the desire, suit in equity might have been brought, wherein might have been attempted and obtained general and full decree with regard to unpaid amounts on the shares then outstanding in said corporation.

It will be noticed, upon an examination of the cases which have been decided by the supreme court wherein the collection of unpaid amounts on shares of capital stock was by suit in equity, and approved by that court, or was at law, and disapproved by the court, that none of these cases closely resemble the case at bar.

Pollard v. Bailey, supra, was an action at law, where the holder of bills of an insolvent bank attempted to recover the amount of same from an owner of shares therein. The provision under which plaintiff claimed to recover was:

The individual stockholders shall be bound respectively for all the debts of the bank in proportion to their stock holden therein.

The court call attention to the fact that:

Each stockholder is bound for the debts in proportion to his stock. * * * The provision, therefore, for a proportionate liability is equivalent to a provision for an appropriate form of equitable action to enforce it. The case is different from what it would be if the chapter had provided generally that all stockholders would be individually liable for the payment of debts.

In Manufacturing Co. v. Bradley, 105 U. S. 175, the statute provided:

The members * * * shall be jointly and severally liable for all debts of the company, etc.

The court say:

Tho statute under consideration prescribes no form of action, and the jurisdiction may be regarded as concurrent, both at law and equity, according to the nature of the relief made necessary by the circumstances upon which the right arises.

After the recognition by the court of the right to sue at law, the court declare that in the case then under consideration there was an acknowledged jurisdiction to grant equitable relief, because of the lien of the bond in evidence, upon the corporate property, and, as an incident to that, to make a decree against the corporation for the payment of the debt. Such equitable jurisdiction having attached, it was proper, to avoid multiplicity of suits, to extend to plaintiff full and complete relief in that action.

In Mills v. Scott, 99 U. S. 28, where the charter of the bank pledged and bound the persons and property of the stockholders for the redemption of the bills issued by the bank, "in proportion to the number of shares" held by the several stockholders, the court say:

The proportion of the indebtedness with which the stockholder is to be charged can be ascertained only upon taking account of the debts and stock of the bank, and a court of equity is the proper tribunal to bring before it all necessary parties for that purpose; but by the law of the state, as declared by the highest tribunal, an action for debt will lie where the amount of the bank's outstanding indebtedness and the number of shares held by the stockholder can be stated. In such cases the extent of the latter's liability is fixed, and the amount with which he should be charged is a mere arithmetical calculation.

In Terry v. Little, 101 U. S. 216, the language establishing the liability of the stockholder was, "Liable and bound for any sum not exceeding twice the amount of their shares." After declaring that this "provision is, in legal effect, for a proportionate liability of the stockholders," and therefore to be enforced in equity, the court say:

Undoubtedly, under some charters, suits at law may be maintained by one creditor against one or more stockholders. The form and extent of a statutory liability of this kind depend upon the particular phraseology of the statute creating the liability.

In Kennedy v. Gibson, 8 Wall. 498, the receiver of a national bank, by bill in equity, sought to recover from various defendants, as stockholders, for a deficiency in assets. The case was decided in the supreme court adversely to the complainant, but on the ground that the bill contained no averment as to necessary action by comptroller preliminary to right to sue. The reasoning of the court is valuable, in matters considered bearing on the point now in question. It is declared that, in actions to enforce the orders of the comptroller in enforcing individual liability of stockholders to pay the debts of the banking associations—

The liability of the shareholders is several, and not joint. The limit of their liability is the par of the stock held by each one. When the whole amount is sought to be recovered, it must be at law. Where less is required, it may be in equity, and in such a case an interlocutory decree may be taken for contribution, and the case may stand for the further action of the court, if such action should subsequently prove necessary,—until the full amount of the liability is exhausted.

Stone v. Chisolm, 113 U. S. 302, 5 Sup. Ct. 497, was an action heard on certificate of division of opinion, where the only question was whether the liability imposed on corporation directors by the statutes of South Carolina might be enforced in an action at law, at the instance of one or more creditors, or must be enforced by creditors' bill in equity. The statutes provided that, in case of debts in excess of capital stock actually paid in, the directors should be personally liable for same, both to the creditors and to the corporation. After considering the applicability of various statutes of that state, in the attempt to ascertain what if any remedy the statutes provided for enforcement of the statutory liability thus created, the court say:

> No special remedy being prescribed by statute for enforcing the liability created by that section, from a consideration of its nature and the circumstances which are made the conditions of it, we are led to the conclusion that the only appropriate remedy in the courts of the United States is by a suit in equity.

The subsequent reasoning of the opinion shows that this conclusion is based on the fact that there must be an ascertainment of the total amount of this excess indebtedness and of capital stock paid in, and thus a basis is reached, once for all, concluding all parties interested; and that if left to the determination of various juries, in different actions which might be brought against the stockholders under varying circumstances, the findings of these juries might essentially vary, either in amount of excess indebtedness or of capital stock paid in, and therefore the per cent. to be paid in by the stockholders in the different actions would possibly vary, and indeed there might be variance as to any amount to be paid in, so that the amounts to be paid might result in grossly unequal results to the different stockholders.

A review of the cases cited above presents pretty clearly the controlling principles which determined the conclusions reached by the court as to whether the attempt to enforce the stockholder's liability should be by action at law or by suit in equity. But we are not left to ourselves to deduce these controlling principles. The court has stated them. In Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, a judgment creditor sought to recover from a stockholder on the ground of statutory liability of stockholder for all corporation debts made before the entire capital stock was paid in. The statute provided that:

> All stockholders * * * shall be severally individually liable to the creditors of the company * * * to an amount equal to the amount of stock held by them respectively, for all debts, etc. No stockholder shall be personally liable for the payment of any debt contracted by the company * * * unless a suit for the collection of the debt shall be brought against said company within one year after the debt shall become due; and no suit shall be brought against any stockholder * * * until an execution against the company shall have been returned unsatisfied, in whole or in part.

The court consider the point urged, that this should have been a suit in equity, instead of an action at law. And the court distinguish the pending case from Pollard v. Bailey, supra, where "the

liability of the stockholders was in proportion to the stock held by them":

Each stockholder was therefore only liable for his proportion of the debts. This proportion could only be ascertained after an account of the debts and stock, and a pro rata distribution of the indebtedness among the stockholders. This, the court held, could only be done by a suit in equity. But in this case the statute makes every stockholder individually liable for the debts of the company, for an amount equal to the amount of his stock. This liability is fixed, and does not depend on the liability of other stockholders. There is no necessity of bringing in other stockholders or creditors. Any creditor who has recovered judgment against the company, and sued out execution thereon, which has been returned unsatisfied, may sue any stockholder, and no other creditor can.

We now turn to the Iowa statutes, and the similarity, as to remedies provided by statute, between these and the provisions construed in Flash v. Conn, supra, seems remarkable. In both it is provided that suit must be first brought against the corporation, and execution issue thereon, with the result of being unsatisfied. And both provide for suit being then brought against the stockholder. But, if there be any difference in this particular, the Iowa provisions are more definite, in specifically providing for "action against him" (the stockholder). The reasoning in Flash v. Conn is strikingly applicable to the Iowa statute. This "statute makes every stockholder individually liable for the debts of the company, for an amount equal to the amount of the unpaid installments of his stock." The liability is fixed, and does not depend on the liability of other stockholders. Any creditor who has recovered judgment against the company, and sued out execution thereon, which has been returned unsatisfied, may sue any stockholder whose shares of stock are not paid up, "and no other creditor can." But if it be urged that in the Flash Case the amount of capital stock held was the only matter to be determined, as to the holder of stock, in fixing the limit of his possible liability, while here, under the Iowa statutes, there must be found both the amount of stock held and the amount unpaid thereon, and that as this matter is not "fixed, but to be ascertained, therefore the action should be in equity," the answer is (without now considering the established practice in the state courts of Iowa) that (quoting the language of Mills v. Scott, supra) "actions of debt will always lie, where the amount sought to be recovered is certain, or can be ascertained from fixed data by computation." Here the petition states the number of shares the defendant owns, and that no part thereof is paid up. The entire $274,000 is liable for debts of creditors. While the judgment which is sought to be paid therefrom is fixed, no computation being necessary, except to find what interest is to be added to the amount in the judgment named. In Mills v. Scott, supra, which was an action at law against a stockholder of an insolvent bank, the supreme court made the computation, stating that "in such cases, the extent of the [stockholder's] liability is fixed, and the amount is a matter of mere arithmetical calculation"; and the court, having by such calculation thus fixed the liability of the defendant on the debt sought to be charged against him at an amount less than the

judgment which had been recovered in the court below, ordered that, unless plaintiff therein should remit the excess over the amount so fixed by the court, a new trial should be granted.

Turning now to the decisions of the supreme court of Iowa as to the manner in which this liability of the stockholder should be enforced under the Iowa statutes first above quoted, we find the practice, which that court has recognized and approved as the correct practice, is settled beyond the possibility of doubt,—as to whether the action shall be at law or equity. But first let it be noticed that we are not now considering the question whether or not, as a matter of fact, defendant holds his stock so that he can be made liable under the Iowa statutes to plaintiff's judgment against the corporation. That is a matter of defense, to be hereafter examined, if such defense be tendered. The demurrer, on point now under consideration, viz. the appropriate remedy to be enforced by plaintiff, is conceding such ultimate liability. If at this point we were considering the question of defendant's liability, the case of Clark v. Bever, supra, might control. In that case the question before the court was not the remedy to be enforced, and its manner of enforcement (that action was at law); but the question considered, the determination of which determined the judgment of the court, was whether, under the facts presented, the shareholder was liable for the judgment sought to be fastened upon him. In Bayliss v. Swift, 40 Iowa, 651, the question was directly presented and determined whether, under the Iowa statutes, the remedy must be enforced through action at law or in equity. The plaintiff, Bayliss, had recovered judgment against the corporation, had issued execution thereon, which was returned unsatisfied, and he now sued the stockholder in such corporation for amount of his judgment. The supreme court of the state (page 651) state the contention of plaintiff to be that the Iowa statute "authorizes an ordinary judgment against the stockholders":

We think the section in question sustains this position. It provides that, "before any stockholder can be charged with the payment of a judgment rendered for a corporate debt, an action shall be brought against him." The section does not prescribe what kind of an action shall be brought, and there is no principle of construction which warrants us in determining it to mean any other action than an ordinary action attended by the ordinary consequences.

Section 3712, McClain's Iowa Code, provides:

All forms of action are abolished in this state; but the proceeding in a civil action may be of two kinds, ordinary or equitable.

So that, when the court declare the appropriate proceeding under the statute to be "the ordinary action," there can be no question, by that they mean an action at law, as contradistinguished from an action in equity.

In Stewart v. Lay, 45 Iowa, 604, a receiver brought action at law against a stockholder, to recover judgment upon his unpaid stock. The defendant pleaded, among others, certain equitable grounds of defense, such as fraud in conduct of receiver and officers of corporation, in various ways. To the equitable defense the receiver demurred,—among other grounds, "that defendant has a full and ade-

quate remedy at law for the matters therein set out." The demurrer was sustained, and defendant appealed. The court say:

The depositor or other creditor of the bank would be exposed to great hardship, were he required to wait the slow progress of an equity action, wherein all the stockholders are parties, brought to settle the equities between them, growing out of their liabilities and relations as associates in the corporation.

And again, with reference to the equitable defenses set up:

The defendant can, under the legal defenses plead by him, show the conditions and facts set up in the parts of his equitable answer now under consideration. They afford a defense at law, and the holding of the court below is affirmed.

In Singer v. Given, 61 Iowa, 93, 15 N. W. 858, judgment creditors of a corporation were seeking payment of a judgment against the corporation by action at law against a stockholder for unpaid amounts upon his stock. The case was tried to a jury, with verdict for plaintiffs. While no objection seems to have been made against the form of action, being at law, defendant contended that the statute did not authorize judgment against him on the verdict of the jury. The court say:

We think, however, that section 1084 of the Code [section 1634, McClain's Code] contemplates the rendition of such judgment. Bayliss v. Swift, 40 Iowa, 648.

In Water-Power Co. v. Hopkins, 79 Iowa, 653, 44 N. W. 797, plaintiff, as judgment creditor of a corporation, sued defendant, at law, as a stockholder with unpaid installments of stock, to recover amount of his judgment. Trial to jury, and verdict for plaintiff. On his appeal the court (page 657, 79 Iowa, page 797, 44 N. W.) say as to one of the errors assigned:

"Appellant claims that the (corporation) has ceased to exist, and that in consequence the relief sought by plaintiff can be obtained only in equity. We do not discover that any objection was made in the court below to the kind of proceedings adopted. The liability of defendant, and the method of obtaining relief, are provided for by sections 1082-1084, Code [McClain's Code, §§ 1632-1634]. The facts upon which the liability of a stockholder depends can, as a rule, be as readily ascertained by an action at law as a proceeding in equity. We think the proper action was adopted. Bayliss v. Swift, 40 Iowa, 651."

We may here cite, without delaying to particularize further, as additionally showing that an action at law is recognized by the supreme court of Iowa as the proper remedy, Jackson v. Traer, 64 Iowa, 469, 20 N. W. 764; Carbon Co. v. Mills, 78 Iowa, 460, 43 N. W. 290.

Having thus ascertained the proper proceeding to be by action at law, according to the decisions of the highest court of the state, we may observe that as to the remedy to be pursued, where the statute provides for an action, the supreme court of the United States has expressly recognized the propriety and duty of the federal courts to follow the state practice in that regard. Mills v. Scott, supra, states and expressly recognizes that "by the law of the state, as declared by its highest tribunal, an action for debt will lie," etc., and thereupon proceeds to follow that declaration as to the state law. In Bank v. Francklyn, supra, the court, after care-

fully examining the decisions of the highest court of Rhode Island, where the corporation was organized, as to whose capital stock defendant was sought to be held liable, and those from the like court in Massachusetts, from which state the Rhode Island statute was adopted, state that the court has repeatedly held "that whether the remedy in the federal court should be by action at law or by suit in equity depends upon the nature of the remedy given by the statutes of the state"; and the decision reached is largely, if not entirely, governed by the decisions of the Rhode Island court. In Clark v. Bever, supra, the supreme court, while refusing to follow the supreme court of Iowa as to the decision there given (64 Iowa, 469, 20 N. W. 764) on the matter of the liability of a shareholder for unpaid installments or portions of his shares, on the ground that this was a question of general law, as to which the federal courts must follow their own views and constructions, yet the court expressly recognize that the Iowa statute has given a new remedy for enforcement of such liability when that liability exists (page 116):

The new right given to the creditor by the statute is to have his execution, when corporate property cannot be found, levied upon the private property of the stockholder who is indebted on his subscription of stock.

And had it become material to consider it, undoubtedly, that court would have recognized the remedy by the next section of the state statute,—"an action,"—as the legitimate and proper method of enforcement, as construed by the state court.

In Patterson v. Lynde, supra, in which it was held that the proceeding under the Oregon statute should be by a suit in equity, as one reason therefor the supreme court say, "The creditor has not been given, either by the constitution or the statute, any new remedy for the enforcement of his rights." Well may it be said, as to the remedy to be here pursued, using the language of the supreme court in Flash v. Conn, supra:

We think this is a case where the construction of the state court is entitled to great, if not conclusive, weight with us. * * * It is clear that confusion and uncertainty would result, should the state and federal courts place different constructions on the section. * * * If this was a case arising in the state of [Iowa,] we should follow the construction put upon the statute by the courts of that state.

And if in matters involving the determination of general principles, how much more when there is involved simply the question of the remedy to be adopted in enforcing a right, is the language of the supreme court pertinent, that:

The federal courts administering justice in Iowa, having equal and co-ordinate jurisdiction with the courts of that state, * * * will lean towards an agreement of views with the state court, if the question seem to them balanced with doubt. Clark v. Bever, 139 U. S. 117, 11 Sup. Ct. 468, and cases there cited.

The question heretofore considered does not involve the point whether a state statute may limit the sphere of jurisdiction within which the federal courts exercise their equity powers. Counsel upon either side concede this as settled in the negative by repeated de-

cisions of the supreme court of the United States. But as said in Payne v. Hook, 7 Wall. 425:

The absence of a complete and adequate remedy at law is the only test of equity jurisdiction, and the application of this principle, as applied to a particular case, must depend on the character of the case, as disclosed in the pleadings.

The first two points above named, of the demurrer, are overruled.

The next ground of demurrer is that no assessment is shown to have been made on defendant's shares. This opinion has already transgressed its proper bounds, and must not be unnecessarily lengthened.

In Clark v. Bever, supra, it is said:

So, when the interests of creditors require, those who hold shares of stock in a corporation, purporting to be, but which are shown not to be, paid for to their face value, should be held liable to pay their shares in full, unless it appears that they acquired their stock under circumstances that did not give creditors and other stockholders just grounds for complaint.

In Hatch v. Dana, 101 U. S. 214 (creditors' bill to charge stockholders holding unpaid stock), the court say:

That the appellants [stockholders] are not protected by the fact, if such was the fact, that their subscriptions for stock were payable "as called for by the company," we think, is clear. Assuming that such a clause in the subscription meant more than an agreement to pay on demand, and that it contemplated a formal call upon all the subscribers of a company, the subscriptions were still in the nature of a fund for the payment of the company's debts, and it was the duty of the company to make the calls whenever the funds were needed for such payment. If they were not made the officers of the company violated their trust, held both for the stockholders and the company. And it would seem singular if the stockholders could protect themselves from paying what they owe by setting up the default of their agents.

And it is not perceived why the reasoning of the opinion just given may not here apply.

Singer v. Given, supra, states the doctrine that a subscriber to capital stock "assumes towards the creditors of the corporation an obligation which can be discharged in no other way than by payment of that sum." And in Jackson v. Traer, supra, the court expressly declare that one who accepts and holds stock in a corporation has all the liabilities as to payment thereof which obtained as to the original subscriber. The words "unpaid installments" are used in the statute. But in the various Iowa cases cited by counsel there appears no case wherein the court has not regarded the unpaid amounts on capital stock as bound to a judgment creditor of an insolvent corporation, who attempts to recover under the statute against the holder of such stock.

The remaining ground of demurrer is that the railway company, its creditors, and the other stockholders are necessary parties. In none of the cases above cited from the United States Reports is there any statement or suggestion that in an action at law either the insolvent corporation, its other stockholders, or the other creditors are necessary parties. Manifestly, an attempt wherein there is "the necessity of enforcing a trust, the marshaling of assets, and equalizing contributions" (Manufacturing Co. v. Bradley, supra),

could not be sustained as against one stockholder. Such cases, however, are in equity. All the cases cited on this point by counsel for defendant are suits in equity, and governed by the suggestions just made. The very point of the Iowa statute is to provide a speedy and adequate method to give complete aid to a judgment creditor who pursues a stockholder for the amounts unpaid on his shares. The reasoning of the Iowa supreme court in Stewart v. Lay, supra, as above given, manifests the purpose of the statute. The shareholder has no grounds of complaint that he alone is sued, for his is a several, individual liability. And the very fact that section 1634 entitles him to his separate action against another stockholder for contribution argues strongly against even the right of another stockholder to be joined with him as defendant in this action. He can avoid this statutory proceeding by paying in full his shares. And, since his obligation is alone sought to be enforced by the judgment creditor, he alone is the proper party. The creditor is not attacking the corporation in this action. The corporation has already had its day in court in the matter of the creditor's claim. The corporation is not interested in the attempt of the creditor now to force from the stockholder, under the remedy afforded by the statute, the payment of so much of his unpaid shares as may be necessary to discharge the judgment already obtained against the corporation. "This liability is fixed, and does not depend on the liability of other stockholders. There is no necessity for bringing in other stockholders or creditors. Any creditor who has recovered judgment against the company, and sued out execution thereon, which has been returned unsatisfied, may sue any stockholder, and no other creditor can." Flash v. Conn, supra. This ground of demurrer must be overruled.

Let an order be entered overruling the demurrer, to which defendant excepts. And defendant is given until February 1, 1895, to elect to stand on his demurrer or to answer by that date, as he may be advised.