## FIRST NAT. BANK OF SIOUX CITY v. PEAVEY.

(Circuit Court, N. D. Iowa, W. D. August 22, 1895.)

1. FEDERAL COURTS—ADMINISTERING STATE STATUTES—FORM OF REMEDY.

It seems that where a state statute creates a right in favor of creditors, and provides a remedy for the enforcement thereof, this remedy, whether at law or in equity, must be adopted by the federal courts. If the state statute does not create the right, but only redeclares a right existing in the absence of statute, then the form of remedy in the federal courts is determined by principles which differentiate legal and equitable jurisdiction.

2. CORPORATIONS—UNPAID STOCK—RIGHTS OF CREDITORS—STATE STATUTES.

The right of creditors to look to unpaid portions of the capital stock as a fund for the payment of their claims is not created by state statutes, but is derived from general principles of law. The enforcement of such right, therefore, is not dependent upon remedies provided by state legislation; and if it appear that the state has, by statute, provided legal remedies for the enforcement of equitable rights, the creditor may at his election, when proceeding in a federal court, adopt the form of remedy appropriate in courts of equity, or may sue at law, under the statute.

3. SAME—LEGAL AND EQUITABLE RIGHTS.

The question whether the right of a creditor to look to unpaid capital stock is legal or equitable in its nature, in any particular case, is to be determined, it seems, by the following principles: If a person has subscribed for or purchased the stock under such circumstances that the corporation itself, and, through it, its creditors, can call upon the stockholder for the unpaid portions of the stock, then this claim is one at law, based upon the express or implied terms of the subscription or purchase. If, however, by the terms of the original subscription or purchase, no liability is assumed to make any further payments to the corporation on this stock, and it is agreed between the corporation and the stockholder that the stock shall be considered as full paid, then a creditor's right to look to unpaid portions of the stock is equitable, and cannot be enforced by action at law, unless so provided by statute.

This was an action brought in a court of the state of Iowa by the First National Bank of Sioux City against Frank H. Peavey to enforce an alleged liability for unpaid portions of capital stock of the Sioux City Street-Railway Company. The case was removed to this court by the defendant, and filed on the law docket. Defendant demurs to the petition.

Marsh & Henderson, for plaintiff.
Wright, Hubbard & Bevington, for defendant.

SHIRAS, District Judge. This action was brought in the district court of Woodbury county, Iowa; and upon the application of the defendant, who is a citizen of the state of Minnesota, the same was removed into this court. It is averred in the petition that the Sioux City Street-Railway Company is wholly insolvent; that the plaintiff is the owner of two certain judgments rendered in the district court of Woodbury county, Iowa, against said railway company, and aggregating over $21,000 in amount; that executions on said judgments have been duly issued and returned unsatisfied; and that there is no property of the railway company that can be reached by execution. It is further averred that the defendant herein has

been at different times the owner of 2,744 shares of the capital stock of said railway company, and that when said railway company became indebted to plaintiff the said defendant then owned stock to an amount largely in excess of the indebtedness due plaintiff; that neither the defendant nor any other person ever paid to the company any sum for said shares of stock, which were issued without any payment being made therefor; that the defendant still owns stock in said company in an amount largely greater than the amount of the judgments held by plaintiff; that the stock issued to the defendant purported to be full paid, and thereby, by reason of the action of the defendant in receiving and holding said shares of capital stock, the street railway company appeared to be the owner of property not in fact possessed by it; that the capital stock in question was false and fraudulent, because the defendant paid nothing therefor, and therefore a fraud was committed upon the plaintiff. To this petition a demurrer is interposed on the ground that an action at law cannot be maintained in this court, the remedy being in equity only; that it does not appear that any assessment has been made upon the stockholders; and that there is a defect of parties, in that the street-railway company and the other stockholders and creditors are necessary parties.

In the case of Bank v. Peavey, 64 Fed. 912, pending in the Southern district of Iowa, the same questions were fully considered by Judge Woolson, and the demurrer was overruled. The petition in this case is, in some respects, inartificially drawn; and, in the case just cited, Judge Woolson was inclined to hold that the pleader apparently intended to include two causes of action in the one count. There is ground for this view, yet I think the better view is that the pleader in fact intended to declare only upon the liability of the stockholder to respond to creditors for the amount remaining unpaid upon the shares of stock held by him in the insolvent corporation. If the pleader intended to aver a cause of action under the provisions of section 1621, McClain's Code Iowa, which declares that "intentional fraud in failing to comply substantially with the articles of incorporation, or in deceiving the public or individuals in relation to their means or liabilities, shall subject those guilty thereof to fine and imprisonment or both at the discretion of the court. Any person who has sustained injury from such fraud, may also recover damages therefor against those guilty of participating in such fraud."—it would be necessary to show by proper averments that deceit had been practiced by the defendant upon the plaintiff in regard to the means or property of the street railway company; that such deceit had caused injury to the plaintiff; and the prayer would be for the recovery of the damages thus caused. It is not charged in the petition that the plaintiff was in any manner deceived or misled by any act of the defendant; nor is it averred that plaintiff was induced to credit the street-railway company by reason of the apparent amount of capital stock issued by the company; nor is it averred that when the plaintiff became a creditor of the company it was not fully aware of the real facts of the case; nor is it charged that the plaintiff was in any way, or in any amount, dam-

aged by any act or representation of defendant. Furthermore, the prayer for judgment is one only, and it asks judgment for the entire amount due upon the judgments held by it against the street-railway company, and not for the damages caused plaintiff by any deceit practiced upon it, which damages might well be far less than the amount of the judgments owned by plaintiff. For these reasons, I hold that the petition, which contains but one count, and but one prayer for relief, must be construed to set forth but one cause of action, and that is based upon the right of a creditor to reach all unpaid portions of the capital stock of the debtor corporation, and subject the same to the payment of the debt due him. The question in dispute, and presented by the demurrer, is whether this right can be enforced, under the facts of this case as now made to appear, in an action at law, or whether the remedy is solely in equity.

In the briefs of counsel, much space is devoted to the point whether the federal court is bound by the rulings of the state supreme court upon similar questions of practice. The rule, as I gather it from the decisions of the supreme court, is that where a state statute creates a right in favor of creditors, and provides a remedy for the enforcement of the right thus created, then this remedy, whether at law or in equity, must be adopted, regardless of the tribunal in which the proceedings are had. If, however, the state statute does not create the right sought to be enforced, but only redeclares it, so that it would exist in the absence of the state statute, then it exists as a provision of the general or common law, and when its enforcement is sought in the federal courts the form of the remedy is determined by the principles which differentiate legal and equitable jurisdiction in these courts. Pollard v. Bailey, 20 Wall. 520; Mills v. Scott 99 U. S. 25; Terry v. Little, 101 U. S. 216; Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757; Clark v. Bever, 139 U. S. 96, 11 Sup. Ct. 468. The decision of the supreme court in Sawyer v. Hoag, 17 Wall. 610, and numerous later rulings based thereon, have firmly established the principle that the unpaid portions of corporate capital stock form a trust fund for the benefit of the creditors of the corporation. The right of the creditor to look to this fund for the payment of corporate debts is not created by state statute, but is derived from general existing legal principles, and therefore its enforcement in federal courts is not dependent upon the existence of remedies provided by state legislation. The petition in the case now before the court is clearly based upon the general principle recognized in Sawyer v. Hoag, supra. The form of the remedy sought is that provided for in the statute of the state in cases wherein a legal liability exists against the stockholder for unpaid portions of the stock subscribed for. If, therefore, the action was purely one to recover the unpaid portions of the stock, or, in other words, was to enforce, in effect, the contract of subscription, which, in turn, is a legal liability existing primarily between the corporation and the stockholder, but which the state statute renders available to creditors in actions at law, I would see no objection to sustaining the action at law in this court. In fact, however, this is not the case made in the petition. It is therein averred that

the street-railway company issued to the defendant stock apparently full paid, whereas no money was paid therefor. It is not averred that any legal contract existed between the defendant and the corporation, whereby the latter could compel payment of any sum by the defendant for said stock. On the contrary, the allegations of the petition would seem to negative the existence of any such contract, right, or claim, as between the defendant and the corporation. The right of the plaintiff, as a creditor of the corporation, to compel payment from the defendant, is not based upon any strictly legal right growing out of a contract of subscription to the capital stock made by defendant, but is rather based upon the equitable principle laid down in Sawyer v. Hoag, to wit, that the unpaid portions of corporate capital stock form a trust fund for the benefit of the creditors of the corporation, and that all transactions between the corporation and its stockholders affecting the trust fund will be closely scrutinized, and, if found to be unfair towards the creditor, will be annulled or disregarded. The legal right of contract exists between the corporation and its stockholders, but a contract valid as between the corporation and the stockholders may be abrogated in favor of creditors. Sawyer v. Hoag, 17 Wall. 610; Richardson's Ex'r v. Green, 133 U. S. 30, 10 Sup. Ct. 280; Clark v. Bever, 139 U. S. 96, 11 Sup. Ct. 468.

The question whether this is a purely equitable right, not available in an action at law, is one upon which the decisions are not in accord. Upon principle, the true rule, it seems to me, is that where a person has subscribed for or purchased stock in a corporation under such circumstances that the corporation, and, through it, the creditors of the corporation, can call upon the stockholder for payment of the unpaid portion of the capital stock, then this claim is one at law, based upon the express or implied terms of the subscription or purchase of the stock. If subsequently to the subscription or purchase, thus creating a contract right to call for the unpaid portions of the stock, an agreement is entered into between the corporation and the stockholder, whereby the latter is released from liability on the stock held by him, this release, though good between the corporation and stockholders, may not be binding upon creditors, if injurious to them, or in fraud of their rights; and, as they are not parties to it, its validity may be attacked in an action at law. In such a case the plaintiff's right of action at law would be based upon the legal effect of the original contract of subscription or purchase, and the contract of release would be a matter of defense, and when relied on as such its validity would be open to investigation in the law action. If the release was found to be valid, not only as against the corporation, but also against the creditors, it would then be a good defense against the action based upon the original contract of subscription or purchase. If, however, the release was found to be in fact in fraud of the rights of creditors, then it would not be binding upon them, and would not constitute a defense to the law action based upon the subscription, and the judgment would go in favor of the creditor upon the legal right of recovery created by the contract of subscription or purchase. If, however, by the

terms of the original subscription or purchase, no liability is assumed by the stock purchaser to the corporation for any further payments upon such stock, and it is agreed, as part of the contract of subscription or purchase between the corporation and the stockholders, that the stock shall be deemed to be full paid, and it is issued in this form, then the creditors' rights, if any, are equitable, and cannot be enforced in an action at law, unless the statute of the state so provides. In such case the creditors cannot declare at law upon the original contract of subscription, for it created no legal cause of action. The right of the creditors in such case is based upon the equitable doctrine that the capital stock is deemed to be a trust fund created for the benefit and protection of the creditors of the corporation. Unless expressly so authorized by statute, a court of law cannot enforce equities, unless there is also a cause of action at law as the basis of the proceeding. In cases wherein a person has subscribed for or purchased stock in a corporation, and by the terms of subscription or purchase, viewed as a contract between the corporation and the stockholders, the latter is not bound for any further payments on the stock, but is expressly released therefrom, the creditors have no legal ground for recovery against the stockholder on this contract of subscription, but they may appeal to the court for relief upon the equitable grounds already suggested.

If I correctly interpret the allegations of the petition in this case, it would seem that it falls within the latter category; that in fact the plaintiff is not seeking to enforce a contract right or legal cause of action, but, in effect, is asking the court to annul the contract between the corporation and the defendant, as a fraud upon creditors, and to protect the equities of the plaintiff, rather than to enforce any strictly legal right held by him. There certainly can be no question that a federal court of equity would have jurisdiction of a bill brought by a creditor for the enforcement of his rights under the assumed circumstances, and, in the absence of a state statute creating a new legal remedy, the remedy would be exclusively in equity in all cases wherein, by the terms of the original contract of subscription, the subscriber was not bound to the corporation for any further payments on the stock purchased. Sawyer v. Hoag, 17 Wall. 610; Sanger v. Upton, 91 U. S. 56; County of Morgan v. Allen, 103 U. S. 498; Scovill v. Thayer, 105 U. S. 143. If it be further true that the statute of Iowa creates a remedy at law for the enforcement of equitable rights, then it follows that a litigant in the federal court has a choice of remedies. He may avail himself of the new statutory legal remedy, if it be sufficient to meet the exigencies of the particular case, or he may proceed under the undoubted equitable jurisdiction which exists in the federal court, and which is not destroyed or limited in any degree by the creation of a legal remedy by state legislation.

The case having been removed from the state court by the defendant, it is open to the plaintiff to determine whether, in this court, he will proceed at law or in equity. He has the right to reform his pleadings, and to select either the law or equity side of the court as the forum of litigation. The present order will therefore be that

the demurrer is overruled, and that the plaintiff be required to reform the petition, and, in doing so, to determine whether the case shall be proceeded with at law or in equity, and, in either event, that the pleading be made clear and specific,—such reformed petition to be filed within 20 days.