### FIRST NAT. BANK OF SIOUX CITY v. PEAVEY.

(Circuit Court, N. D. Iowa, W. D. June 7, 1896.)

1. EQUITY PLEADING—MULTIFARIOUSNESS.

Complainant's bill sought to subject defendant to liability for an indebtedness of a railroad company to complainant on four grounds, viz.: That defendant was the owner of stock in the railroad company upon which a part of the subscription exceeding the railroad company's indebtedness was unpaid; that, through various transactions in the issue, cancellation, and reissue of stock, and the purchase of shares owned by other parties with funds of the railroad company, there had been a misappropriation of the railroad company's property applicable to the payment of its debts, for which defendant was responsible; that defendant, and others confederating with him, had caused real estate of the railroad company to be conveyed to defendant without consideration; that defendant, combining with others, had misrepresented the financial condition of the railroad company, thereby inducing complainant to loan it money which he had lost. *Held* that, though the first and second grounds of liability, growing out of the defendant's connection with the railroad company as an officer and stockholder therein, might be united, the third and fourth

grounds had no legal connection with the former, and the bill was multifarious.

2. EQUITY PRACTICE—SUIT TO ENFORCE STOCK SUBSCRIPTION—PARTIES.

Where suit is brought in equity to enforce subscriptions to the capital stock of a corporation as part of a trust fund for the benefit of the creditors of such corporation, the bill must be so framed as to be for the benefit of all the creditors who are entitled to the trust fund sought to be reached.

Chas. A. Clark and S. M. Marsh, for complainant.
Wright & Hubbard, for defendant.

SHIRAS, District Judge. The complainant herein is a judgment creditor of the Sioux City Street-Railway Company, and by means of the present bill seeks to hold the defendant responsible for the indebtedness due complainant on four general grounds: (1) For the reason that the defendant is the owner in fact of a large amount of the capital stock of the street-railway company upon which, it is alleged, there remains unpaid an amount largely in excess of the sum due complainant. (2) That, through various alleged transactions set forth in the bill, including cancellation of shares of capital stock originally issued, the reissue of greatly-increased amounts thereof, and the purchase by defendant of shares held by other parties, the same being purchased by the use of money belonging to and drawn from the treasury of the street-railway company, there was a misappropriation of a large sum of money which should have been applied to the payment of the debts of the street-railway company, and that equitably the defendant is responsible for a misappropriation of a trust fund. (3) That the defendant, and others confederating with him, caused to be conveyed to defendant, without consideration, a large amount of real estate belonging in fact to the street-railway company. (4) That the defendant, combining with others, wrongfully held out and represented that the street-railway company had a paid-up capital stock of $300,000, and thereby the complainant was induced to loan money to the street-railway company, when in fact such alleged paid-up stock was not paid up in fact, and the corporation was without means or financial ability, whereby complainant has been greatly damaged.

The first ground upon which the defendant demurs is that of multifariousness in the bill, in that it embraces causes of action which are wholly distinct. In the case of Brown v. Deposit Co., 128 U. S. 403–412, 9 Sup. Ct. 127, it is said that:

"To support the objection of multifariousness, because the bill contains different causes of suit against the same person, two things must concur: First, the grounds of said suit must be different; second, each ground must be sufficient, as stated, to support a bill."

The first and second grounds set forth in the bill, and relied on as creating a liability on part of the defendant, grow out of the connection of the defendant with the street-railway company as a shareholder and officer therein, and I see no reason why they may not be properly joined in the one bill; but the third and fourth grounds of liability set forth in the bill have no legal connection with the duties and obligations assumed by an officer as share-

holder in a corporation created under the statutes of the state of Iowa. The third ground charges, in substance, that the corporation, being insolvent, conveyed to the defendant, without consideration and in fraud of the rights of creditors, certain real estate. If the complainant desires to attack this transfer as fraudulent, it is open to it to do so; but the questions involved therein are wholly distinct from those presented by the first and second grounds stated in the bill. The relief is of a different nature, and depends upon different principles, and may require other parties, as, for instance, the grantor in the conveyance, to be made parties defendant. The fourth ground of liability set forth in the bill is, in substance, an action for deceit, and the remedy sought is a judgment for the damages resulting therefrom. This has no proper connection with the question of the liability of the defendant as a shareholder or officer of the corporation, and cannot be properly joined in a bill based upon the statutory duties and obligations imposed upon a shareholder and officer of the corporation. For these reasons, the demurrer must be sustained, with leave to complainant to amend by striking out of the bill the matter wrongly counted upon.

A further ground of demurrer is relied upon, to wit, a defect of parties; it being claimed that the street-railway company is a necessary party defendant, and also that the suit should be brought on behalf of all the creditors of the corporation. There would be force in the proposition that the street-railway company should be a party if the transfer of the real estate was to be investigated; but if that ground is eliminated from the proceedings by amendment, then it is not apparent that the corporation will be a necessary party in the further progress of the case. Whether this bill in equity can be maintained on behalf of the one creditor, to wit, the complainant herein, which is its present form, or whether it should be on behalf of all creditors who may desire to come in and participate in the costs and expenses and also in the benefits of the litigation, presents a question more difficult of solution. When this case was before the court at a previous term, upon a demurrer to the petition originally filed in the state court, I then held that the petition must be construed to set forth but one cause of action, being based upon the right of the creditors to reach all unpaid portions of the capital stock, and it was further held that it was open to the complainant to rely upon the legal statutory right and remedy created by the statutes of Iowa if the facts were such that an action at law could be maintained thereunder, or that the complainant might proceed in equity, relying upon established equitable principles not created by the state statutes; and leave was granted to the plaintiff to amend the pleadings, and in so doing to determine in which forum he would further proceed. See opinion in 69 Fed. 455. By filing the bill in equity now under consideration, the complainant has elected to proceed in equity, substantially upon the theory that creditors have the right to insist that the capital stock is a trust fund for the benefit of creditors which must in good faith be accounted for to them in case of the insolvency of the corporation, and that no arrangement between the shareholders and

the corporation whereby the former are relieved from the duty of paying up the capital stock in full will be sustained as against the rights of creditors, and that a court of equity will give appropriate relief to the creditors in their efforts to reach and compel the proper application of the unpaid portions of the capital stock, as well as of the other assets of the corporation, the same being deemed to be a trust fund for the benefit of creditors.

Assuming that the complainant will amend the bill so that it will stand upon the first and second grounds set forth therein, then the question will arise whether the bill should not be in the names of the creditors, or in the name of one for the common benefit of all who may desire to join in the further proceedings. In the case of Hornor v. Henning, 93 U. S. 228, in which it appeared that an act of congress, providing for the creation of certain corporations in the District of Columbia, further declared that, "if the indebtedness of any company organized under this act shall at any time exceed the amount of its capital stock, the trustees of the company assenting thereto, shall be personally and individually liable for such excess to the creditors of the company," it was held that a suit by a single creditor to enforce this liability could not be maintained, but that the proceeding should be for the benefit of all the creditors. In the case of Handley v. Stutz, 137 U. S. 366, 11 Sup. Ct. 117, the same rule was held in a case wherein the remedy sought was to enforce the payment of the unpaid portions of the capital stock. In principle the ruling in these two cases, the former of which applies to cases wherein the liability grows out of a violation of the statute by the officers of the corporation, and the latter out of the duty of shareholders to pay in full the amount of the capital stock subscribed for or owned by them, covers the first and second grounds of liability charged against the defendant in the bill now under consideration; and, following the views therein expressed by the supreme court, it must be held that the objection urged is well taken, in that the bill is not so framed as to be for the benefit of all the creditors who are entitled to the trust fund sought to be reached. Upon these grounds the demurrer is, therefore, sustained, with leave to complainant to amend by filing an amended bill by the August rule day.