## THE WAUKON & MISSISSIPPI R. CO. v. DWYER.

1. **Pleading:** CONTRACT. An averment in a petition that the defendant signed and delivered to the plaintiff an agreement in writing is equivalent to an averment that the defendant entered into an agreement with the plaintiff in writing.

2. **Contract:** SUBSCRIPTION. A contract of subscription was set out in the following words: "We, the undersigned, do hereby agree to take stock in the Waukon & Mississippi Railroad to the amount of the number of shares set opposite to our names, respectively, subject always to the by-laws, rules and articles of incorporation of the Waukon & Mississippi Railroad." The articles provided that the stock should be paid for after five hundred shares had been subscribed, and that ten per cent of the stock should be payable on the 15th of each month : *Held,*

   1. That the contract contained a promise to pay the amount of the subscription.

   2. That the subscriber became a shareholder of the company by virtue of the subscription ; and

   3 That the installments became due even if no assessments were made.

The Waukon & Mississippi R. Co. v. Dwyer.

*Appeal from Allamakee Circuit Court.*

FRIDAY, JUNE 14.

ACTION to recover upon a subscription to the stock of the plaintiff company. The contract of subscription is in the following words:

"We, the undersigned, do hereby agree to take stock in the Waukon & Mississippi Railroad to the amount of the number of shares set opposite to our names, respectively, subject always to the by-laws, rules, and articles of incorporation of the Waukon & Mississippi Railroad.

"MARTIN DWYER, 1 share."

The petition avers that the defendant signed and delivered to the plaintiff an agreement in writing, of which the foregoing is a copy. It also sets out one of the articles of incorporation, which is as follows:

"Article IV. Said stock shall be divided into shares of one hundred dollars each, ten per cent of which shall be paid on the 15th day of the month after five hundred shares have been subscribed, and ten per cent shall be paid on the 15th day of each succeeding month thereafter until the whole is paid, as the expenditures require."

The petition further avers that five hundred shares were subscribed on the 1st day of April, 1875; that the plaintiff has completed its road; that the expenditures require full payment of the stock; and that defendant was duly notified on the 15th of each month that payment was required of the different installments as provided; but that the defendant had refused to pay the same.

To the petition the defendant filed a demurrer, which is as follows:

"1. That the facts stated in the petition do not entitle the plaintiff to the relief demanded, and alleges the following, to-wit: Said petition shows this action to be upon a written

contract, and does not show that said contract was ever made to or with plaintiff, or indorsed to plaintiff. It does not show any right or necessity in plaintiff to sue upon the said contract, or that the plaintiff is the real party in interest in this suit. It does not allege that the defendant ever promised to pay plaintiff or any person money in any sum whatever, nor that any sum is due from the defendant to plaintiff on the contract set out in the plaintiff's petition.

"Said petition does not show to and with whom the said contract was made, nor that the plaintiff or person to and with whom it was made has performed all the conditions of said contract on his part. It does not show that the defendant is a stockholder in the Waukon & Mississippi Railroad Company as a corporation, nor that he is in any way liable to said plaintiff for assessments of shares of plaintiff's capital stock, nor that he ever subscribed to the articles of incorporation or by-laws of said company, or ever accepted stock, or is entitled to any of the stock of said corporation; nor that any of said stock was ever issued, offered or tendered to defendant by plaintiff, and the price thereof demanded of defendant.

"It does not show any promise by defendant to plaintiff as a corporation to pay to plaintiff the sum of one hundred dollars, nor any other sum, as a subscription to and for one share of the capital stock of said company, or as a contribution; nor does it show a promise in writing to the plaintiff as a corporation to pay a certain sum, in installments or otherwise, for the one share of stock set against defendant's name attached to said written contract; nor does said petition of plaintiff's aver any assessments of said share by plaintiff or the board of directors of plaintiff, nor does said petition show that plaintiff has made calls on defendant for installments, or a gross sum payable in installments, nor any necessity for such call. It does not show any amount plaintiff is entitled to recover as a judgment against defendant. It does not show that the amount claimed by plaintiff is now due.

"2. The petition shows the action to be founded on a contract in writing as evidence of indebtedness, and that plaintiff gave defendant notice to pay his subscription agreeably to said subscription, and the by-laws, rules and articles of incorporation of said company, and does not incorporate into and attach to said petition a copy of said by-laws, rules and articles of incorporation of said company, nor does plaintiff state any reason for not doing so."

The demurrer was overruled, and the defendant standing by his demurrer, judgment was rendered for the plaintiff. Defendant appeals.

*J. B. B. Baker,* for appellant.

*H. H. Stillwell,* for appellee.

ADAMS, J.—The defendant insists that the petition is insufficient in that it does not show that any agreement was made with the plaintiff. The agreement, a copy of which is set out, purports to be a subscription to the stock of the Waukon & Mississippi Railroad. The name of the plaintiff is the Waukon & Mississippi Railroad Company. Whether the difference between the two names is such that the petition for that reason might be deemed insufficient we need not determine. No point of that kind is made by the appellant in his argument, and we assume that the point was not designed to be raised by the demurrer. The point urged is that an averment that the defendant signed and delivered to the plaintiff an agreement in writing is not equivalent to an averment that the defendant entered into an agreement with the plaintiff in writing, and if not that the petition is defective. But if a writing which purports to be an agreement is signed and delivered to the promisee as an agreement, it must be regarded as taking effect as an agreement, and this we think is what the petition in this case shows.

1. PLEADING: contract.

It is further insisted by the appellant that the agreement,

as set out, contains no promise to pay for the stock; that the 2. CONTRACT: promise, if any, is merely implied by law, and subscription. that as the petition avers only the signing and delivery of the agreement it avers no promise to pay for the stock.

In our opinion the agreement does contain a promise to pay for the stock. The subscription is expressly made subject to the by-laws, rules, and articles of incorporation. Article 4 provides that the stock shall be paid for after five hundred shares have been subscribed, and the petition shows that they have been. The article becomes as much a part of the contract of subscription as if it had been incorporated directly into the contract.

It is further insisted that the defendant is not a stockholder if he has not paid for his stock, and that if not a stockholder he is not liable to the company. But this position is not well taken. A subscriber to stock becomes a stockholder by virtue of the subscription, in the absence of a provision requiring a payment as a condition of membership; and that, too, without the issuance of any certificate of stock. *Chester Glass Co. v. Dewey*, 16 Mass., 94; *Spear v. Crawford*, 14 Wend., 20; *Vawter v. Ohio & Mississippi R. Co.*, 14 Ind., 174.

It is further insisted that the petition does not show that any assessments have been made. To this it may be said that by article 4 ten per cent of the stock was made payable on the 15th of each month, until the whole is paid as the expenditures require. The petition avers that the expenditures require that the whole stock should be paid. It also avers that the defendant has been duly notified of the requirement.

The object of an assessment, where one is necessary, is to fix the amount that may be called for, and the time when it may be called for. But in the case at bar both amount and time of payment were fixed by the article of incorporation. Nothing remained to be determined but the needs of the company resulting from the expenditures. When the company notified defendant, as the petition avers, that, we think, was a

sufficient determination that the expenditures required payment of the stock.

In our opinion the plaintiff's petition is sufficient, and the demurrer was properly overruled.

AFFIRMED.