96   147
99   311

96   147
105   183

96   147
124   117

96   147
143   288

# THE CALUMET PAPER COMPANY v. THE STOTTS INVEST-MENT COMPANY, Appellant.

**Corporations:** UNPAID STOCK.  Where a defendant holds unpaid stock in an insolvent corporation, as collateral security for a loan, it is not necessary to show that he subscribed for the stock in order to make him liable under Code, 1082, 1084.

SAME.  One against whom it is sought to enforce a stockholder's liability cannot defend by showing that plaintiff became a creditor of the corporation *after* defendant acquired his stock.  It is sufficient that defendant was a stockholder when plaintiff sued to enforce the stockholder's liability.

SUCCESSION: *Presumptions*.  After an ineffective attempt to incorporate, the *de facto* organization became indebted to plaintiff. Subsequently the defects in the organization were cured by new articles, and, later, plaintiff got judgment on said indebtedness. *Held*, it will be presumed that such judgment was obtained against the *de jure* corporation.

STATUTE OF FRAUDS.  Where, after curing defects in organization by new articles, the *de jure* corporation takes all the property of the *de facto* one, the assuming of the liabilities of the *de facto* organization is not within the statute of frauds.

POWERS.  Where a corporation is authorized to loan money on chattel or personal security, to buy, sell, hold and transfer notes and other securities and evidence of indebtedness, make contracts and acquire and transfer property, and has the same powers in such respects that private persons enjoy, it may accept stock in another corporation as collateral security for signing a note on which the corporation got money.

**Practice.**  Transfer to equity held properly denied.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

TUESDAY, OCTOBER 22, 1895.

Action at law by plaintiff, a judgment creditor of the Olsen-Welch Printing Company, a corporation organized under the laws of this state, to recover the

amount of its judgment from the defendant, a stock-holder in said corporation, under the provision of sections 1082-1084 of the Code of Iowa. The case was tried to the court without the intervention of a jury, and judgment was rendered for plaintiff. Defendant appeals.—*Affirmed.*

*Chas. Mackenzie* and *F. B. Huckstep* for appellant.

*S. G. Van Auken* and *Crom Bowen* for appellee.

Deemer, J.—In the month of May, 1892, J. F. Olsen, J. H. Welch, and Louis Stutz attempted the organization of a corporation to be known as the "Olsen-Welch Printing Company." Articles of incorporation were executed and filed, but no notice was given, as required by law. Olsen and Welch furnished all the capital, one thousand five hundred dollars, which they borrowed from a bank and invested in machinery. This defectively organized corporation purchased from plaintiff some paper, some time prior to November, 1892, and failing to pay therefor, judgment was obtained against the Olsen-Welch Printing Company, which judgment is the foundation of this suit. In November, 1892, the Olsen-Welch corporation was re-organized, or new articles of incorporation were adopted and filed, and due notice given, as required by law, to cure the defects in the former organization. This new corporation issued stock to the amount of seven thousand five hundred dollars to Olsen and seven thousand five hundred dollars to Welch, and thereafter, and within a few days, Olsen and Welch each assigned two thousand five hundred dollars of the stock so issued to them to the defendant, Stotts Investment Company, and to one Schuyler, a member of the Stotts Investment Company,—four thousand five hundred dollars

to the defendant, and five hundred dollars to Schuyler; and thereafter the business was carried on in the name of the Olsen-Welch Printing Company. There was no formal transfer of property or change in the character of the business from the time of the first attempt to organize the company in May, 1892. The re-incorporation was either to cover defects in the original, or for the purpose of forming a perfect corporation, so as to issue stock to the defendant. On the eighteenth day of January, 1893, the plaintiff recovered its judgment against the Olsen-Welch Printing Company, a corporation, and execution having been issued thereon, and returned unsatisfied, it thereupon commenced this action to recover the amount of its judgment from defendant as a stockholder holding unpaid stock to an amount more than the amount of plaintiff's claim. Olsen and Welch paid nothing for the stock issued to them, except as they transferred to the corporation property which, as we have seen, was not worth to exceed one thousand five hundred dollars. The defendant paid nothing for the stock issued to it. It holds this stock either as collateral security, or as bonus or gift from the corporation, for having procured a loan to it after its re-organization. The defendant, in answer, after some specific denials, avers that it never subscribed for any stock in the Olsen-Welch Printing Company, that it never in fact purchased any stock in said corporation, and that no certificates of stock were issued to it with the knowledge or consent of any of its authorized agents. It further avers that it is a corporation, and that under its articles it had no authority to purchase stock in the printing company. It also avers that, before the commencement of this suit, it transferred its stock to one F. S. Treat, and is no longer the holder thereof. It further avers that, on

the sixth day of December, 1892, the printing company, being indebted to it in the sum of one thousand five hundred dolars, stock of Olsen and Welch in the printing company, to the amount of four thousand five hundred dollars, was re-issued to it for the purpose of giving defendant security for the amount due it. Defendant also avers that plainitff's judgment is against the corporation organized in May, 1892, and that it holds no stock in this company, its stock being in the corporation organized in November.

I. Upon the filing of this answer the defendant moved to transfer the action to the equity side of the calendar. This motion was overruled, and exception taken, and this presents the first question for determination. Plaintiff's action was properly commenced at law. *Bayliss v. Swift*, 40 Iowa, 648; *Water-Power Co. v. Hopkins*, 79 Iowa, 653 (44 N. W. Rep. 797). We see nothing in the answer or amendments thereto which presents an equitable defense. Every matter pleaded in answer can be tried and determined in a law action. Indeed, we see nothing in any of the averments of the answer of an equitable character. No mistake was alleged, and no reformation asked. The motion to transfer was properly overruled.

II. It is next insisted that the judgment is against the defective corporation, organized in May, and that defendant was not a stockholder in this corporation. It seems to us this objection is based on a misapprehension. While it is true that the goods were sold by plaintiff before the re-organization of the corporation, or the perfecting thereof, in November, yet the judgment is against the Olsen-Welch Printing Company as a corporation. The first attempt to form a corporation by Olsen and Welch was abortive. So far as shown, no stock was

issued on this first attempt. While articles of incor-
poration were adopted, and there may have been a
*de facto* corporation, yet we think it sufficiently
appears that the judgment is against the *de jure* cor-
poration organized in November. Under the facts
disclosed, this would certainly be the presumption,
and this presumption is not overcome by anything in
the record. Indeed, we think the facts shown indi-
cate quite clearly that the judgment was
against the *de jure* corporation. The evidence
shows that the new organization took all the
property belonging to the old, and assumed its lia-
bilities, and agreed to pay its bills. This promise
was an original one, made in consideration of receiv-
ing the property, and is not within the statute of
frauds. There is no merit in this contention of the
defendant.

III. It is said that the court erred in finding
that defendant was a subscriber for stock in the print-
ing company. It may be that, technically speaking,
defendant did not subscribe for any stock in the cor-
poration; but this is not necessary where stock
is in fact issued, as it was in this case.
Defendant admits that it held stock in the cor-
poration which was not fully paid up, and says it held
it as collateral security for a loan. This is all that is
necessary to be shown to render it liable. *Hale v.
Walker*, 31 Iowa, 344. It is only when no stock is
issued that it is necessary to show a subscription for
stock. *Jackson v. Traer*, 64 Iowa, 469 (20 N. W. Rep.
764); *Nulton v. Clayton*, 54 Iowa, 425 (6 N. W. Rep.
685).

IV.  Defendant is also a corporation, and it is insisted that it had no authority, under its articles of incorporation, to purchase or hold stock in any other corporation.  The articles of incorporation of defendant contain this provision:  "The business of this corporation shall be to loan money on real estate, chattel, or personal security; to buy, sell, and transfer notes, bonds, mortgages, and other securities and evidences of indebtedness; to execute trusts; to borrow money or receive deposits of the same; issuing therefor of its own obligations, certificates, or receipts; and to buy, hold, sell, and convey real estate, personal or chattel property, and to establish branch offices, and do business outside of the state.  And to that end it shall have and possess powers following, namely:  First, to have perpetual succession; second, to sue and be sued by its corporate name; third, to render the interest of the stockholders transferable; fourth, to exempt the private property of its members from liability for corporate debts; fifth, to make contracts, acquire and transfer property, possessing the same power in such respects as private individuals now enjoy; sixth, to establish by-laws, and make all rules and regulations deemed expedient for the management of their affairs, in accordance with the law, and to possess all of the rights, powers, and privileges necessary for, incident to, or connected with the transaction of the business for which the corporation is organized."  We have had occasion heretofore to pass upon almost the identical question here presented, in the case of *Lumber Co. v. Foster*, 49 Iowa, 25, and we there held that a corporation possessed of powers substantially the same as conferred by the provision above quoted, had

the right to deal in, acquire, and possess shares of stock in a corporation. This case seems to rule the question here presented adversely to appellant.

It is said, however, that defendant did not purchase the stock issued to it, that it took it either as collateral security for signing a note for the printing company or as a gift, and that neither of these transactions are purchases in a commercial sense. It may be that it could not accept the stock as a gift, so as to bind its stockholders to pay assessments levied upon it, but we think the evidence shows that it received the stock as collateral security for signing a note for the printing company on which some money was obtained for the use of this company. This is clearly a commercial transaction, and one which is authorized under defendant's articles of incorporation.

V. It is contended that defendant sold its stock to one Treat before the commencement of this action. There is some testimony of a sale to Treat, and of an attempt to have the stock transferred to him on the books of the company, but no showing whatever as to when this occurred. If done after the commencement of this suit, it is entirely immaterial; and if done before, such fact was a defense which defendant must establish.

VI. Lastly, it is insisted that defendant is not liable because it received its stock long after plaintiff became a creditor of the corporation. There is no merit in this contention. All that need be shown is that defendant was a stockholder at the time of the institution of the action. Code, section 1082; Beach, Priv. Corp. sections 125, 126. See, also, *Spilman v. Mendenhall*, Minnesota (57 N. W. Rep. 468). We have referred to every proposition discussed by counsel, and reach the conclusion that the judgment is right, and it is *affirmed*.