A. N. AND N. A. WHITE v. G. W. MARQUARDT & SONS, Appellant.

**Corporations:** POWERS: *Stock Liability.* A corporation organized to do business as a dealer and jobber in jewelry without any limitation as to the kind of property which it might take in exchange for

1   its merchandise, cannot escape liability as a stockholder on stock
    of another corporation received, in exchange for its jewelry, on
    the ground that it had no power to acquire such stock, where it
    has had all the benefits of the exchange and has sold the stock
    received, retaining the proceeds.

TRANSFER OF STOCK: *Recording.* A purchaser of corporate stock
    is not relieved from liability as a stockholder for corporate debts,
2   simply because the transfer of the stock was not recorded in the
    books of the corporation.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

FRIDAY, APRIL 8, 1898.

ACTION at law to recover of the defendant an amount alleged to be due on capital stock of the Zoological Park Company of Des Moines, Iowa. There was a trial by the court without a jury, and a judgment in favor of the plaintiffs. The defendant appeals.— *Affirmed.*

*Bishop, Bowen & Fleming* for appellant.

*Dowell & Parrish* and *Earl & Prouty* for appellees.

ROBINSON, J.—The material facts involved in this case are so nearly like those which were controlling in the case of *White v. Green*, 105 Iowa, *post*, that when a re-hearing was ordered in that case a re-hearing was also granted in this, which had also been previously submitted, and the case is again submitted for our determination. The decision announced in *White v. Green*, so far as applicable, must control in this case, and we need not repeat what was there said. But the appellant also relies upon defenses not involved in that case, which we will now consider.

I.   G. W. Marquardt & Sons is a corporation, and alleges that it had no power to acquire or own stock of

any other corporation, and that the stock in question was purchased by a member of the corporation without authority. The evidence shows that the defendant was organized for the purpose of doing the business of a "dealer and jobber in jewelry, including all such kinds and classes of merchandise as are usually handled by the largest wholesale jewelry houses in the United States," and that it transacted the business for which it was organized. It purchased the stock in the ordinary course of business, exchanging it for merchandise in which it was dealing. Its articles of incorporation did not impose any limitation as to the kind of property it might take in exchange for its merchandise, and the shares of stock it received were property. The contract for the purchase of the stock was made by the treasurer of the defendant, and he was authorized to and did act for the defendant in transacting a large share of its business, and in buying and selling merchandise. The sale of property and the taking in exchange of the stock in question were within the authority given him, and the powers he habitually exercised. Moreover, the transaction was fully ratified by the defendant, and has been completed. The defendant has had all the benefits conferred by the exchange, and has sold the stock which it received, and retains the proceeds of the sale. Under these circumstances it cannot successfully deny that the purchase of the stock was authorized and valid. *Lumber Co. v. Foster*, 49 Iowa, 25; *Matt v. Society*, 70 Iowa, 461; 1 Morawetz, Private Corporations, sections 431, 432.

II. The books of the Zoological Park Company do not show that five of the sixteen shares of its stock in controversy were ever owned by the defendant. It appears that the certificate for the five shares was transferred to and in fact owned and held by the defendant, but that the transfer was not

recorded in the books of the company, and when defendant sold the stock the books were made to show a transfer from the person from whom the defendant procured the stock to the one to whom it was sold. But the liability of the defendant for the debts of the company did not depend upon the showing as to a transfer of the stock which was made by the books. The defendant did in fact own the stock, and was liable, as owner on account of it. Code 1873, section 1082; *Spring Co. v. Smith*, 90 Iowa, 331; *Bissell v. Heath*, 98 Mich. 472 (57 N. W. Rep. 585). We do not find any reason for disturbing the judgment of the district court, and it is AFFIRMED.