Argued June 21; reversed July 31, 1934

EARL *v.* ROBERTS FUEL OIL, INC., ET AL.

(35 P. (2d) 238)

*Henry Bauer,* of Portland, for appellants.

*E. Earl Feike,* of Portland, for respondent.

CAMPBELL, J. This is an action at law to recover the sum of $509, alleged to be due on a promissory note executed by the Roberts Fuel Oil Co, Inc., in favor of the Fletcher Tire Company.

The action was originally commenced in the district court of Multnomah county, Oregon. The complaint was in the ordinary form of a declaration on a promissory note, and alleged that after maturity the note was assigned to plaintiff.

The answer was a general denial and a further answer of want of consideration and alleged that said note was "executed and delivered to the Fletcher Tire Company for certain tires and merchandise furnished by the Fletcher Tire Company to C. H. Roberts, individually and personally".

Plaintiff, in his reply to the new matter in the answer, alleged that the promissory note in question was executed:

"* * * by Roberts Fuel Oil, Inc. by said C. H. Roberts, president and general manager, and was given in payment to the Fletcher Tire Company for tires and truck equipment which said tires and truck equipment was placed on trucks belonging to and used by the Roberts Fuel Oil, Inc. and the Roberts Fuel Oil, Inc. is now estopped to deny the said obligation or the authority of said C. H. Roberts."

On this state of the pleadings, judgment was recovered by the plaintiff in the said district court for the full amount of his claim. Defendant appealed to the circuit court and the cause thereafter came on for trial before the court, the parties waiving a jury. After the evidence was all in, plaintiff moved to amend his reply by alleging that the note was executed by Roberts Fuel Oil, Inc., for payment of merchandise consisting of tires and truck equipment which were "placed on

trucks belonging to Roberts Fuel Oil Service and the Roberts Fuel Oil, Inc., is the successor to Roberts Fuel Oil Service and is now estopped to deny the said obligation or the authority of said C. S. Roberts''.

The motion was allowed over the objection of defendant. The cause was then submitted to the court who made findings and gave judgment in favor of plaintiff for the full amount of his claim. Defendant appeals.

The first assignment of error is based upon the court's action in permitting the above amendment to plaintiff's reply, on the ground that the amendment was a substantial departure.

The second assignment of error is based on the finding of the court:

''That the Roberts Fuel Oil, Inc. is the successor to the Roberts Fuel Oil Service and that it took over the good-will, business and assets of the Roberts Fuel Oil Service. That when the Roberts Fuel Oil, Inc. took over the assets of the Roberts Fuel Oil Service, it agreed to pay the obligations of the Roberts Fuel Oil Service to the Fletcher Tire Company.''

The testimony shows that Claude Roberts, for several years prior to April 25, 1930, was doing business as a sole trader under the assumed name of Roberts Fuel Oil Service; that he had contracted certain financial obligations which he was unable to pay and on that date made a voluntary application to the bankruptcy court to be declared a bankrupt and was thereupon so declared. The record of the bankruptcy proceedings is not before us so we must assume that it was the ordinary proceeding in which the bankrupt turned over all his assets to, and listed all his liabilities, including the account for which the note was given, with, the referee in bankruptcy.

On May 12, 1930, there was duly organized a corporation under the name of Roberts Fuel Oil, Inc. The stock of this corporation was subscribed for and owned as follows: Claude Roberts, one share; J. M. Hickson, one share; Mrs. Claude Roberts, twenty-four shares. The par value of the stock was evidently considered at $100 per share, as the evidence shows that Mrs. Roberts paid that amount for her shares of stock. Claude Roberts turned over some office furniture, his good-will, and personal knowledge of the business to the corporation for his one share of stock. He was elected president and manager of the corporation. The evidence does not show that he had any contract with anybody left after turning all of his assets to the bankruptcy court. When the corporation began doing business, it did get the agency for the Texas Oil Company as the distributor of its products. The evidence does not show that Claude Roberts as an individual theretofore had any contract with said Texas Oil Company or that he distributed any of its oil products. He testified that he endeavored to pick up, as and for the corporation, all the customers to whom he had rendered services as an individual prior to his bankruptcy.

■ The Roberts Fuel Oil, Inc., continued in business with the same set-up of stockholders and manager until October, 1930, when all its stock was bought by the Albina Fuel Company which thereafter continued the business. The price of the stock was fixed at the net value of all the assets of the corporation; that is, the stockholders sold their stock on what the vendors and vendees considered the net value of the assets as shown by the books of the Roberts Fuel Oil, Inc. The sale of the stock did not in any manner change the identity of the corporation. It was still the owner of its assets and liable for its debts.

The note in this action, at the time the stock was transferred to the Albina Fuel Company, did not appear on the books of Roberts Fuel Oil, Inc., nor was it taken into consideration in fixing the value of the stock. Nor was anything said about it to any of the officers of the Albina Fuel Company until the latter had paid for the stock, after which time Mr. Roberts testified that he thinks he mentioned it to them.

■ The evidence shows further that the note was given in payment of merchandise that was bought by Claude Roberts for his own use and benefit while he was doing business as the Roberts Fuel Oil Service and not one dollar's worth of it ever became the property of or was turned over to the Roberts Fuel Oil, Inc. While Claude Roberts was on the witness stand, the court asked him:

"Q. But didn't you say that the Roberts (Fuel Oil) Service was extinct long before that and had no rolling stock? How could you buy tires and chains for trucks that were not?

A. They were rolling up until about the 20th or 25th of April, 1930.

\* \* \* \* \*

Q. Consideration of a note can always be inquired into. Someone ought to know what it was given for.

A. It was given for merchandise received from the Fletcher Tire Co. and were put on the trucks that were rolling for the Roberts Fuel Oil Service.

\* \* \* \* \*

Q. Why was not this note signed by Roberts Fuel Oil Service instead of Roberts Fuel Oil, Inc.?

A. I do not know. That was probably a mistake on my part in signing that way."

Roberts further testified that the merchandise, in payment for which the note was given, was used on trucks that the Roberts Fuel Oil Service had bought on a sales contract in which the title remained in the seller

until paid for, and that all these trucks including their tires and equipment which were bought from. the Fletcher Tire Co. were repossessed by the vendors thereof at the time he was declared a bankrupt; that none of said trucks ever afterwards came into possession of Roberts Fuel Oil, Inc.

■ The testimony clearly shows that there was no consideration moving to the Roberts Fuel Oil, Inc., for the note. There is no evidence that the corporation ever agreed to pay any obligation that Roberts individually owed to Fletcher Tire Company, or that it was in any way liable thereon. Roberts did not testify, nor did any one else so testify, that he had any authority to bind the corporation. He did testify that at the time he executed the note as "Roberts Fuel Oil, Inc., by C. H. Roberts, president and manager", he intended to pay the obligation himself. On his direct examination, he was asked:

"Q. Did the Roberts Fuel Oil, Inc. assume the obligations of the Roberts Fuel Oil Service as far as the Fletcher Tire Company was concerned?

A. Well, I do not know as far as the Fletcher Tires. I personally assumed several of the bills of the Roberts Fuel Oil Service as the Roberts Fuel Oil, Inc."

The articles of incorporation of the Roberts Fuel Oil, Inc., were introduced in evidence. These articles do not authorize the corporation to lend its credit to any one or to become an accommodation endorser for any one: *Carney v. Duniway,* 35 Or. 131 (57 P. 192, 58 P. 105); 3 R. C. L. 1091.

■ We are mindful of the rule that where an action at law is tried by the court its findings have the same force and effect as the verdict of a jury. But in the instant case there is no competent evidence to support

the findings of the court. Taking this view of this assignment of error, the other assignment of error becomes immaterial and does not require a decision.

The judgment of the circuit court will be reversed and the cause remanded with instructions to enter judgment for defendant. It is so ordered.

RAND, C. J., and BAILEY, J., concur.

---

BEAN, J. (dissenting). I am unable to concur in the majority opinion. The note was originally payable to Fletcher Tire Company and assigned for collection, after maturity, to the plaintiff. The defense claimed by defendant, Roberts Fuel Oil, Inc., is that this note was not given for a corporate obligation, but for the personal obligation of its president, C. H. Roberts, and that the defendant corporation is therefore not liable on the note.

Prior to April 25, 1930, C. H. Roberts was engaged in the retail fuel oil business as an individual under the name Roberts Fuel Oil Service, and had become indebted to the Fletcher Tire Company for merchandise consisting mainly of tires to the extent of $548.14. On that date Mr. Roberts filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. On May 12, 1930, the defendant corporation, Roberts Fuel Oil, Inc., was formed. C. H. Roberts subscribed to one share of the stock of this corporation, of the par value of $100, paying for his stock by transferring to the corporation certain office furniture and equipment. His attorney, J. M. Hickson, also subscribed for one share of stock, and Roberts' wife subscribed for the balance of the stock and paid into the corporation the sum of $2,400. Mr. Roberts became president and man-

ager of this corporation. Thereafter Roberts continued the business in the name of Roberts Fuel Oil, Inc., and, on August 20, 1930, the note in question was signed by "Roberts Fuel Oil, Inc., C. H. Roberts, President". The note was executed and delivered to the Fletcher Tire Company, the consideration being merchandise, which had been furnished to Roberts Fuel Oil Service, and $18 of merchandise, which had been purchased by Roberts Fuel Oil, Inc. Mr. Roberts testified that he paid several of the bills owing by him when he was adjudged a bankrupt. A few months after the note was executed Roberts and his wife sold the stock in the defendant corporation to the Albina Fuel Company.

The action was commenced in the district court of the state of Oregon for Multnomah county. Judgment went for plaintiff, and defendants appealed to the circuit court. In the circuit court, the plaintiff moved to amend his reply so as to allege that the merchandise was furnished to Roberts personally, and that the defendant "The Roberts Fuel Oil, Inc., is the successor to Roberts Fuel Oil Service, and is now estopped to deny the said obligation and/or the authority of said C. H. Roberts". The amendment was allowed and the defendants assign error based thereon.

Section 1-906, Oregon Code 1930, provides as follows:

"The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause; and in like manner and for like reasons it may, at any time before the cause is submitted, allow such pleading or proceeding to be amended, by striking out the name of any party, or by correcting a mistake in the name of a party, or a mis-

take in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved.''

Section 16-410, Oregon Code 1930, directs that the appellate court may, in furtherance of justice, and upon such terms as may be just, allow the pleadings in the action to be amended so as not to substantially change the issue tried in the justice's court, or to introduce any new cause of action or defense.

The testimony shows that the Roberts Fuel Oil, Inc., took over the business that the Roberts Fuel Oil Service conducted, by C. H. Roberts, consisting of the good will and a contract for the distribution of oil from the Texas Oil Company and contracts with individuals to supply oil. The Roberts Fuel Oil, Inc., was therefore interested in the condition of the business and obtained an advantage by having, what appears to have been, an established business, and was in a position to assume the obligation of the Roberts Fuel Oil Service for the main portion of the account with Fletcher Tire Company, adding its own account, and, by the execution of the note, which is a solemn obligation to pay the same, it thereby assumed the payment of that portion of the indebtedness of Roberts Fuel Oil Service, or C. H. Roberts. There was, therefore, a valid consideration for the execution of the note. The corporation was owned by the Roberts family, and C. H. Roberts was the manager thereof and was authorized to conduct its business and to execute the note. Therefore, the second assignment of error, based upon the contention of defendants, that the court erred in entering its findings of fact and conclusion of law, is not well grounded. Upon an ap-

peal from a cause tried to the court without a jury, the evidence will be reviewed only to ascertain if it is competent to support the finding. Findings of fact have the same force as a verdict of a jury and will be sustained unless the evidence is insufficient, as a matter of law, to support them: *Weigar v. Steen,* 81 Or. 72 (158 P. 280); *Meyer v. Barde,* 112 Or. 197 (228 P. 121). The testimony in the case supports the findings of fact made by the trial court.

A corporation, empowered by its articles to conduct a business, may assume the obligation of one who conveyed its property to it for purposes of such business, and its note given to discharge such obligation is not ultra vires: 14a C. J. 746, § 2795; *Western Nat. Bank v. Wittman,* 31 Cal. App. 615 (161 P. 137).

The general rule that actions against a corporation abate on dissolution does not apply where the circumstances attending the creation of a new corporation and its succession to the property, and business of the old corporation, or partnership, or individual, show that it is in reality a mere continuance of the old business, since the new corporation impliedly assumes and is liable upon the obligations of the old: *Jones v. Francis,* 70 Wash. 676 (127 P. 307); *Curtis, Jones & Co. v. Smelter Nat. Bank,* 43 Colo. 391 (96 P. 172).

There is little question but that a corporation will become liable for the debts of its predecessors where it has expressly or by reasonable implication assumed their payment, and in the present case the defendant corporation expressly assumed the payment of a portion of the note by the execution thereof, containing an absolute promise to pay the same: *Calumet Paper Co. v. Stotts Inv. Co.,* 96 Iowa 147 (64 N. W. 782, 59 Am. St. Rep. 362); *Northwest Perfection Tire Co. v. Perfection Tire Corp.,* 125 Wash. 84 (215 P. 360).

The corporation's assumption of the payment of the indebtedness of Roberts Fuel Oil Service, in consideration for the business and property of its successor, is entirely different from the signing of an accommodation paper and endorsements given for the benefit of another not related to the business of the corporation. See *Western National Bank v. Wittman,* supra.

The fact that the Albina Fuel Company purchased the stock of the defendant corporation does not change the liability of the defendant corporation in the least.

The defendant Roberts Fuel Oil, Inc., executed the note in question for a valid consideration in the ordinary course of its business.

The judgment of the circuit court should be affirmed.